(134 App. Div. 484.)

WOOLF et al. v. LEICESTER REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. MORTGAGES (§ 495*)—FORECLOSURE—JUDGMENT—AMENDMENT.

On the same day that a judgment foreclosing a mortgage on land was entered, the report of the commissioners of estimate and assessment in condemnation proceedings by the city to acquire a sewer easement in the mortgaged property was confirmed. Plaintiff in the foreclosure suit thereafter moved to amend his judgment, so as to except from the sale the easement acquired by the city. Held, that the motion should have been granted, since the city having acquired a part of the mortgaged premises, that being what the permanent easement amounted to, that part of the property was no longer covered by the mortgage, and could not be sold under the judgment.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1451, 1452; Dec. Dig. § 495.*]

2. MORTGAGES (§ 507*)—REFEREE—MINISTERIAL OFFICER—FORECLOSURE SALE—DESCRIPTION OF MORTGAGED PROPERTY.

A referee appointed to sell real property pursuant to a judgment of foreclosure and sale being purely a ministerial officer, who must follow exactly the provisions of the decree, he cannot of his own motion offer for sale less than the decree directs him to sell, nor can he sell property the description of which did not exempt an easement condemned by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

city, nor, if he undertook to do so, could the purchaser be compelled to accept a deed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1508; Dec. Dig. § 507.*]

3. EMINENT DOMAIN (§ 158*)—COMMISSIONER'S AWARD—APPLICATION TO MORT-GAGE DEBT.

An award having been made in condemnation proceedings by the city to acquire an easement for a sewer in mortgaged property, plaintiff in a suit to foreclose the mortgage made a motion after judgment, but before sale, that the award be applied to the payment of accumulated taxes and assessments. *Held*, that the application was premature; it not being known before sale that any necessity therefor would arise.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 426; Dec. Dig. § 158.*]

Appeal from Special Term, New York County.

Action by Edward L. Woolf and others against the Leicester Realty Company and others. From an order denying plaintiffs' motion to amend the judgment, they appeal. Reversed in part, and affirmed in part, with leave to renew.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Irving Paine, for appellants.

Philip B. La Roche, Jr., for respondents.

SCOTT, J. This is an appeal by plaintiff from an order denying his motion to amend the judgment of foreclosure and sale herein, so as to exempt from the description of the premises to be sold a certain easement in the mortgaged property acquired by the city of New York subsequent to the making of the mortgage, and also providing for the application to the payment of certain accrued taxes and assessments of the amount of the award made for the easement.

As to the first branch of the motion, the facts are that plaintiff holds a mortgage, executed by defendant's grantor, on May 4, 1905, covering certain premises in the city of New York. On March 18, 1908, this action was begun to foreclose the mortgage, and on May 29, 1908, a judgment of foreclosure and sale was entered, being the judgment now sought to be amended. In the meantime the city of New York had instituted condemnation proceedings for the purpose of acquiring an easement in the mortgaged property for the construction and maintenance of a sewer. The commissioners of estimate awarded $9,206.49 to the owners of the land as the value of the easement taken, and their report was confirmed on May 29, 1908, on which date the city acquired the easement. By agreement with the owners of the land the attorney who represented them in the condemnation proceeding became entitled, as against said owners, to 25 per cent. of the award as his fee. The plaintiff, as part of his motion, desires to so amend the decree of foreclosure as to add to the description of the property to be sold an exception of the easement in the mortgaged land which has been acquired by the city. To this extent the motion should have been granted. The city of New York having, by right of eminent domain, acquired a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part of the mortgaged premises, for that is what a permanent easement amounts to, that part is no longer covered by the mortgage, and· cannot be sold under the judgment of foreclosure. The referee is purely a ministerial officer, and must follow exactly the provisions of the decree. He cannot, of his own· motion, offer for sale less than the decree.directs him·to sell, and yet he cannot sell the property as now described in the decree, and if he undertook to do so the purchaser could not be compelled to accept the deed.

So far as concerns that branch of the motion which asks that the award be applied to the payment of the accumulated taxes and assessments, the application is premature.. It is probably true that the lien of the mortgage attaches to the award, and that the plaintiff will be entitled, if necessary, to have that award applied to the satisfaction of the mortgage debt, or to the payment of the taxes which are superior liens to the mortgage. But it cannot be known now that any such necessity will arise. The mortgagee should first have resort to what remains of the mortgaged premises. If upon a sale it shall appear that the purchase price will not suffice to pay the mortgage debt and the prior liens, it will be time enough to ask for the application of the award, or some part of it, to the payment of such debt and liens.

The order appealed from must therefore be reversed, in so far as it denied the motion to amend the judgment, and the motion to that extent granted. In so far as the order denied the motion to apply the award to the payment of accrued taxes and assessments, it is affirmed, with leave to plaintiff to renew the motion, or make such motion in respect thereto as he may be advised, without costs to either party in this court. All concur.