### WAY v. HAYES et al.

(Supreme Court, Special Term, Ulster County. February, 1910.)

1. INJUNCTION (§ 132*)—TEMPORARY INJUNCTION—RIGHT TO WRIT.

A temporary injunction, granting all the relief that can be obtained by a party at the end of the litigation, will not be granted, unless it clearly appears that plaintiff's contention is correct in the main, and that his rights will be seriously injured by permitting defendant to proceed as he is attempting or threatening to do.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 132.*]

2. STATES (§ 193*)—MORTGAGES—FORECLOSURE.

Where default had been made in the payment of interest on a mortgage to the state commissioners for loaning money of the United States, the fact that a part of the property mortgaged had been condemned by the city of New York for public purposes, and an award made therefor in excess of the amount due on the mortgages, was not ground for restraining the commissioners from foreclosing the mortgage; they being given no discretion, but being required to foreclose on default by Finance Law (Consol. Laws, c. 56) § 90.

[Ed. Note.—For other cases, see States, Dec. Dig. § 193.*]

3. STATES (§ 124*)—LOAN COMMISSIONERS—POWERS.

The state commissioners for loaning money of the United States have no power to agree to relinquish the lien of a mortgage on land and hold the lien against an award made for condemnation of part of the land for public use.

[Ed. Note.—For other cases, see States, Dec. Dig. § 124.*]

Suit by Orland E. Way against Augustus Hayes and another, commissioners for the loaning of money of the United States of the county of Ulster. On application for temporary injunction. Denied.

Arthur A. Brown and Harrison T. Slosson, for plaintiff.
Elting & Darrow, for defendants.
Archibald R. Watson, Corp. Counsel (John J. Linson, of counsel), for City of New York.

BETTS, J. In this action the plaintiff seeks to restrain the defendants from proceeding with the foreclosure of certain mortgages upon premises described in said mortgages, alleging as his right to maintain said action that a certain award has been made by commissioners of appraisal duly appointed to the owners of said premises for their value in condemnation proceedings taken by the city of New York for a portion of said premises, that the amount of said award is greatly in excess of the amount due upon the mortgages, and that the plaintiff is the owner of said award and of the equity of redemption in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the remainder of the premises described in the said two mortgages. The proceeding directly before me is an application for a temporary injunction pendente lite to restrain the defendants as such commissioners from proceeding with such foreclosure of the said two mortgages.

A temporary injunction, which grants all the relief that can be obtained by a party at the end of a litigation, is never granted unless it be made to appear clearly to the court that the plaintiff's contention is right in the main, and that his rights would be seriously injured by permitting the defendant to proceed as he is attempting or threatening to do. A map made by the engineers of the New York board of water supply, which purports to set forth the mortgaged premises, has been submitted on this hearing by the defendants, and it appears from said map that a portion of the premises described in each mortgage is not covered by the award hereinbefore referred to. Title to such portions is claimed by the plaintiff. No good reason is shown why the defendants should not proceed at least against the premises not covered by said award. Woolf v. Realty Company, 134 App. Div. 484, 119 N. Y. Supp. 288.

Many of the allegations of the complaint of the plaintiff are denied by the defendants. It is further alleged by the defendants that all of the parties in interest are not before the court, that a proper party is the city of New York, which has condemned, as noted above, a portion of the land covered by these two mortgages, but has not yet paid for the land so condemned. It is alleged on behalf of the defendants that they should not be remitted to the uncertain action of a municipal corporation, which is not a party to this litigation, for the interest and principal upon these defaulted mortgages. It is also alleged by the defendants that they are not given any discretion, but are commanded by section 90 of the finance law (Consol. Laws, c. 56) to foreclose these mortgages upon default being made, and their contention in that regard seems apparently well founded. Other parties beside the city of New York are alleged to have an interest in the premises covered by these mortgages, and who are not before this court.

The plaintiff claims that the defendant threatens to sell said award, and this the defendants deny. There is too much doubt and uncertainty in the position of the plaintiff, who is the owner of the equity of redemption of a portion of the mortgaged premises, to justify this court in restraining these defendants from carrying out the provision of the statute prior to the trial of this action. The plaintiff cannot be seriously injured, as it is shown that by a payment of a small amount of interest the foreclosure of these mortgages would have been stopped for at least a year, and in the meantime the city of New York might, by paying the award, have placed him in possession of funds sufficient to pay off the principal; but he can at any time prior to the sale stop this foreclosure by paying the principal, interest, and all costs to date to the defendants.

The interest accruing upon these United States deposit funds forms part of the fund applicable and available for the maintenance of the common school fund of this state. Another portion is added yearly

to the educational fund of the state. This court should not, on the application for a temporary injunction, take such action as would delay the application of the income from said mortgages being applied to such a purpose.

The city of New York, which has taken title to a portion of the premises in question, has applied to intervene upon this motion and action, filing an affidavit here; but no sufficient reason is given by it, or on its behalf, why a temporary injunction should issue, and it has the same right as the plaintiff to stop the foreclosure by payment of the principal, interest, and costs. The application of the city of New York to intervene in this action is granted.

My attention is called by the plaintiff to an alleged agreement, signed by the plaintiff, by which the plaintiff claims the defendants agreed to relinquish their lien upon the land covered by their mortgages and hold said lien against the said award heretofore made by the city of New York. The commissioners have no power to make any such agreement (Switzer v. U. S. Commissioners for Loaning Money, 134 App. Div. 487, 119 N. Y. Supp. 383), and it appears that the agreement does not bear that construction, nor was it signed by the commissioners.

Motion for a temporary injunction denied, with $10 costs to the defendants.