In the Matter of ALEXANDER A. FORMAN and Another (Rockaway Boulevard).

Supreme Court, Queens County, February 18, 1930.

*Leo E. Forman*, for the petitioners Alexander A. Forman, Jr., and Golden Park, Inc.

*Arthur J. W. Hilly, Corporation Counsel*, and *C. E. Clarke, Assistant Corporation Counsel*, for City of New York.

*Bernard M. Fineson*, for Eleanor, Alvira and Gunda Gunsten.

*Clarence C. Ferris*, in *pro per*.

*William E. Stewart*, special guardian for Eleanor Gunsten, an infant.

JOHNSTON, J. The petitioner Forman held a first mortgage of $2,250 covering certain premises in Queens county. The petitioner Golden Park, Inc., has a deficiency judgment of $614.30 growing out of the foreclosure of a second mortgage. Subsequent to the making of these mortgages the city of New York acquired a portion of the property by eminent domain. The award with interest, amounting to $3,139.28, is now on deposit with the chamberlain. Petitioners seek to have the award applied to the payment of the mortgage and deficiency judgment, and the official referee has reported this should be done. The respondents oppose the confirmation of the report in this respect, and contend that unless all the property is taken no part of the award can be paid to the mortgagee and he should first foreclose his mortgage and sell that portion of the land not taken. This contention finds some support in the language employed in *Woolf* v. *Leicester Realty Co.* (134 App. Div. 484), First Department, where the court said: " The mortgagee should first have resort to what remains of the mortgaged premises. If upon a sale it shall appear that the purchase price will not suffice to pay the mortgage debt and the prior liens, it will be time enough to ask for the application of the award or some part of it to the payment of such debt and liens." But that case is readily distinguished because there the action to foreclose the mortgage was actually pending at the time title vested in the city. In *Matter of City of New York* (*East River Park*) (184 App. Div. 509), Second Department, the court said: " But the appellant Juilliard had a direct interest in the land taken, for

which he is entitled to an award. He owned a mortgage for $141,000, which, although it was a lien, not only on a portion of the land taken but also on other property, yet for its full amount it was a lien on every portion of the land covered by it and, therefore, a lien for its full amount on the land taken." (See, also, *Hill* v. *Wine*, 35 App. Div. 520, First Department.)

In view of the services rendered and the amount involved the allowance to the special guardian will be reduced to $200. The motion to confirm the referee's report in all other respects is granted.