The Cyllene Corporation, Appellant, *v.* Fannie Eisen, Defendant, Impleaded with Gussie Shapiro and Others, Respondents.

First Department, May 1, 1936.

*John Stuart Dwinell* of counsel [*Charles C. Lamm*, attorney], for the appellant.

*Joshua S. Shapiro* of counsel [*Joshua S. Koenigsberg* with him on the brief], for the respondent Gussie Shapiro.

McAvoy, J.   The plaintiff brought this action to foreclose a mortgage on certain property in Bronx county.   On July 15, 1927, one Fannie Eisen executed her bond and mortgage in the amount of $72,000 covering the property in suit.   The plaintiff acquired this mortgage by mesne assignments.   On July 29, 1927, Fannie Eisen conveyed the property subject to the mortgage to the defendant Gussie Shapiro.   On April 2, 1928, title to a portion of the

premises mortgaged vested in the city of New York in a condemnation proceeding. The award was apportioned and the defendant Gussie Shapiro, the owner of the equity, was allotted $3,147.46, with interest amounting to $224.53, subject to the mortgage herein foreclosed.

On May 15, 1933, plaintiff began this action to foreclose the mortgage and, in addition to the usual relief, asked for what amounted to a foreclosure of the mortgagee's equitable lien on the award to satisfy any deficiency arising upon the sale of the mortgaged premises. The action proceeded to judgment and the property was sold. The present motion was then made to confirm the report of the sale and fix the deficiency, and direct the payment to the city collector of the amount of the award previously made to Gussie Shapiro, the owner of the equity.

Fannie Eisen, who was on the bond, was not served with the summons and, on motion of the plaintiff, she was stricken out as a party defendant and the action was discontinued. Apparently, service could not be effected upon her.

The court at Special Term on these facts expressed the opinion that, in view of section 1083-a of the Civil Practice Act, the presence of Fannie Eisen was necessary in the action or no deficiency judgment could be obtained; that in the absence of a deficiency judgment, no deficiency could be declared as arising on the sale of the property; and that hence the plaintiff would have no further rights against the award which represents part of the property mortgaged because section 1083-a creates a presumption that, in the absence of a deficiency judgment, it will be presumed that the property sold satisfied the debt.

Section 1083-a of the Civil Practice Act (as amd. by Laws of 1935, chap. 268) reads as follows: " Limitation upon deficiency judgments during emergency period. No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where an action to foreclose the mortgage has been or shall be commenced during the emergency or where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or within ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court,

whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.''

The remainder of the section not quoted relates to the payment of money collected by a receiver in foreclosure. This was added by amendment after the original statute was passed to take care of the obvious unfairness which would result if the provision were not there. The Legislature, however, has omitted to provide for at least two other contingencies which may be common in foreclosure proceedings and for which elementary principles of equity require some remedy. (1) If a party on the bond deliberately evades personal service in some way, a personal judgment for a deficiency cannot be taken. Thus, it seems quite clear that the provisions of this section, if literally observed, would force a plaintiff to forfeit his contract rights under the mortgage, even though the conduct of the defendant was such as to prevent enforcement. (2) The statute fails to provide for a method of foreclosing an equitable lien, such as a claim on a condemnation award, which lien represents part of the property foreclosed but which cannot be reached if the statute is interpreted as barring the finding of a deficiency in the absence of the party on the bond.

Plaintiff's lien on the award for a deficiency is a vested interest which cannot be divested by any purely procedural rules which deprive a mortgagee of a recognized equitable remedy and fail to provide any substitute therefor so that as a result the right cannot be enforced. The result of the decision at Special Term is to destroy or render unenforcible the equitable lien of the mortgage upon the damages awarded in the condemnation proceeding. However, as was said in *Utter* v. *Richmond* (112 N. Y. 610), concerning this type of lien: '' But its existence is perfectly well

settled. (*Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *In re Eleventh Ave.*, 81 id. 436.) No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it."

We think it is our duty to mould a remedy in equity to suit the exigencies of the case. The prerequisite to the determination of a deficiency under the circumstances herein presented cannot be the presence in the action of a party against whom a deficiency judgment might be entered but against whom there is no desire to enter one. Such a requirement would be a mere *brutum fulmen* in view of the relief demanded. In this case the party on the bond is not the owner of the equity and is not the claimant of the award and is in no way interested in the relief sought.

The problem in the case is one of proper practice as to the enforcement of the right to foreclose the additional collateral and to bar one who claims the award and who *is* a party to the action.

It is pointed out in *Matter of City of Rochester* (136 N. Y. 83) that where part of a mortgaged premises subsequently foreclosed had been taken in condemnation, " the balance of the land only could be sold and conveyed on the foreclosure; the referee's deed could convey and did convey only that balance; and the right of the mortgagees became merely an equitable lien upon the fund in the hands of the court to the extent of any deficiency which the land sold did not pay. * * * The fund was not sold; it simply remained in the hands of the court for distribution." Acting on the authority of that case in the present instance, the description of the property sold stated that it was sold subject to the assessments and no mention was made of the equitable lien on the remainder of the collateral.

In *Woolf* v. *Leicester Realty Co.* (134 App. Div. 484, 486) the court, after stating that the mortgagee should first have resorted to what remained of the mortgaged premises after a condemnation, said: " If upon a sale it shall appear that the purchase price will not suffice to pay the mortgage debt and the prior liens, it will be time enough to ask for the application of the award or some part of it to the payment of such debt and liens." Such was the relief asked for in substance in the complaint and that was denied on this motion.

As the case stands, the plaintiff is entitled to have it determined whether or not the premises are worth the amount of the mortgage or less, and if less, the precise amount of the deficiency which has arisen. If that deficiency is greater than the amount of the award, then since both the city of New York and the owner of the equity,

Gussie Shapiro, are parties herein, there is no reason why the whole question cannot be settled in this action. Indeed this court intimated that such relief could be asked for by motion in the foreclosure action after sale by its granting leave to renew its motion in *Woolf* v. *Leicester Realty Co. (supra)*.

The purpose of the declaration of the deficiency is not to ground an action against the party on the bond who was not served and the judgment should so state. We do not pass upon the rights of the mortgagee to have a deficiency declared in an action if the mortgagee can satisfactorily show to the court that the party on the bond is deliberately evading service. That point has not been clearly raised here though it is implicit, perhaps, in the statement that service could not be made on Fannie Eisen. We do hold, however, that where there is some further collateral which may be resorted to after a sale in foreclosure, it is not necessary, before determining a deficiency for the purpose of resorting to that additional collateral, that the person liable on the bond should be served in the action and that a deficiency judgment should be actually taken against that person. The proceeding against the remainder of the collateral is, like the foreclosure itself, purely an action *in rem* and for such purposes the Supreme Court, regardless of section 1083-a of the Civil Practice Act, has full power to declare the deficiency if any, so that resort may be had to the condemnation award.

The order should be reversed in so far as appealed from, with twenty dollars costs and disbursements, and the proceeding remitted to Special Term to determine *first*, the amount of the deficiency, if any, and *second*, to enter an appropriate order thereafter in accordance with this opinion, as to the interests in the award and their disposal.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order so far as appealed from unanimously reversed, with twenty dollars costs and disbursements, and the proceeding remitted to Special Term to determine *first*, the amount of the deficiency, if any, and *second*, to enter an appropriate order thereafter in accordance with opinion, as to the interests in the award and their disposal. Settle order on notice.