(134 App. Div. 487.)

SWITZER v. COMMISSIONERS FOR LOANING CERTAIN MONEYS OF THE UNITED STATES IN NEW YORK COUNTY.

(Supreme Court, Appellate Division, First Department.   November 12, 1909.)

1. PLEADING (§ 350\*)—MOTION FOR JUDGMENT—EFFECT.
   ˙ A motion by defendant for judgment on pleadings is equivalent to a demurrer to the complaint for general insufficiency.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1075; Dec. Dig. § 350.\*]

2. SPECIFIC PERFORMANCE (§ 127\*)—ALTERNATIVE RELIEF.
   In a suit for specific performance, plaintiff's right to relief of any kind depends on his ability to show that, so far as he is concerned, he is entitled to specific performance; and hence plaintiff is not entitled to the granting of a prayer for alternative relief by way of a ˙lien or damages, unless he establishes a right to specific performance, which is denied, because it cannot be enforced.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 406–411; Dec. Dig. § 127.\*]

3. PUBLIC LANDS (§ 163\*)—LANDS OF STATE—SALE—APPROVAL OF COMPTROLLER.
   Laws 1898, p. 1038, c. 360, § 6, provides that, before delivery of a deed to state land by the loan commissioners, the sale shall be approved in writ-

ing by the State Comptroller. *Held,* that such approval is not a ministerial act, but involves the exercise of judgment and discretion, and is therefore a condition precedent to the execution of a deed and the performance of the commissioners' contract to convey.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 163.*]

4. PUBLIC LANDS (§ 163*)—RIGHT TO RELIEF—COMPLAINT.
A complaint for specific performance of a loan commissioners' contract for the sale of land belonging to the state, failing to allege approval of the sale by the State Comptroller, as required by Laws 1898, p. 1038, c. 360, § 6, did not state a cause of action.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 163.*]

5. PUBLIC LANDS (§ 163*)—LANDS OF STATE—SALE—CONTRACT—EXECUTION.
A loan commissioners' contract for the sale of state land must be executed by both commissioners, unless there is but one such commissioner in the county qualified to act at the time the contract was made, 'as required by State Finance Law (Laws 1897, p. 356, c. 413) § 86.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig.. § 163.*]

6. STATES (§ 193*)—STATE FUNDS—RECOVERY—APPROPRIATION.
Earnest money paid to loan commissioners on a contract for the sale of state lands is received by them as state officers, and becomes at once a part of the state funds, which cannot be recovered, on the failure of the sale, except by appropriation, as provided by Const. art. 3, § 21.

[Ed. Note.—For other cases, see States, Cent. Dig. § 186; Dec. Dig. § 193.*]

7. STATES (§ 191*)—ACTIONS—JURISDICTION.
The state having received money from the United States for safe-keeping and replacement, and having been compelled to take real estate on which the money was loaned, and the loan commissioners having contracted to sell the property to plaintiff, a suit against such commissioners for specific performance, though in name against state officers, was in fact against the state; and hence the Supreme Court had no jurisdiction of the subject thereof.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

8. STATES (§ 205*)—SUIT AGAINST—JURISDICTION—GENERAL APPEARANCE BY STATE OFFICERS.
Where the Supreme Court had no jurisdiction of the subject-matter of a suit against loan commissioners to compel specific performance of a contract for the sale of land, because it was in fact a suit against the state, jurisdiction was not conferred by the general appearance either of the commissioners or Attorney General.

[Ed. Note.—For other cases, see States, Cent. Dig. § 198; Dec. Dig. § 205.*]

Appeal from Special Term, New York County.

Action by Joseph G. Switzer against the Commissioners for Loaning Certain Moneys of the United States in the County of New York. From an order denying defendants' motion for judgment on the pleadings, they appeal. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph N. Tuttle, for appellants.
Herbert R. Limburg, for respondent.

SCOTT, J.  This is an appeal by the Attorney General, in behalf of the defendants, from an order denying defendants' motion for a judgment upon the pleadings, under section 547 of the Code of Civil Procedure.  The complaint alleges:

"That those defendants were created by chapter 150 of the Laws of 1837 of the state of New York, and acts amendatory thereof and supplemental thereto."

The first cause of action alleges that on October 13, 1905, the defendants entered into a contract to sell to William H. Duncan, plaintiff's assignor, a certain piece of property for the sum of $7,500, of which $500 was payable and was paid on the execution of said contract; the balance being payable upon delivery of the deed.  The assignment of the contract to plaintiff, and his expenditure of $115 in examining the title, is duly alleged, as well as his readiness and willingness to carry out the contract, and defendants' refusal to do so. The second cause of action contains similar allegations as to another piece of real estate; the consideration and the name of the person contracting to purchase being different.  The third and fourth causes of action refer to the same pieces of real estate described in the first and second causes of action, respectively; the allegations as to the contract of sale being that Theodore H. Smith, one of the commissioners for loaning certain moneys of the United States, entered into a contract with plaintiff's assignor, and that the refusal to carry out the contract on the part of defendants was due to the refusal of Morris Golland, another of said commissioners, who refused to execute the deed.  The relief demanded is that defendants be required to specifically perform said contracts, declaring that the sum paid down and the expense to which plaintiff has been put be declared to be a lien upon the property, if defendants have conveyed said properties, that they be compelled to account to plaintiff for the proceeds of the sale, and, in case the contract cannot be specifically performed, that plaintiff have judgment against the defendants for his said down payments and his damages.

The motion for judgment in this case is equivalent to a demurrer to the complaint for general insufficiency.  This action, as the complaint discloses, is one for the specific performance of an alleged contract for the sale of real estate, with a prayer for alternative relief in case specific performance cannot be enforced.  In such a case the plaintiff's right to any relief at all depends upon his ability to show that, so far as he is concerned, he is entitled to specific performance.  Alternative relief by way of lien or damages is only given when the plaintiff has established his right to specific performance, which, however, is denied, because it cannot be enforced, as, for example, where the defendants' title is defective, or he has already conveyed the property to another.   Matthews v. Matthews, 133 N. Y. 679–682, 31 N. E. 519; Cooley v. Lobdell, 153 N. Y. 596–603, 47 N. E. 783.  The plaintiff, therefore, can have no judgment in this action, unless upon the allegations of his complaint he has made out a case entitling him to specific performance.

The defendants are statutory officers, and are sued as such.  Their rights, powers, and duties are prescribed by public statutes, of which

119 N.Y.S.—25

any one dealing with them is bound to take notice. Section 6, c. 360, p. 1038, Laws of 1898, provides that, before the delivery of a deed by the loan commissioners for and on behalf of the people of the state of New York, "every sale shall be approved in writing by the Comptroller of the State of New York." Hence every contract made by the commissioners for the sale of lands must be read as if the clause providing for the delivery of the deed made such delivery expressly contingent upon the written approval of the sale by the Comptroller. Such approval is evidently intended to be something more than a formal ministerial act, and involves the exercise of judgment and discretion. The execution of such an approval is a condition precedent to the execution of a deed, for without such approval a deed cannot lawfully be executed. Therefore, until the Comptroller has approved the sale, of which there is no allegation in the complaint, the commissioners cannot be compelled to specifically perform the contract of sale. No case being made for specific performance, no judgment establishing a lien, or for an accounting, or for damages, can be recovered.

As to the third and fourth causes of action, it is clear that no enforceable contract was made. The allegation is that it was made by only one of the commissioners. To be valid, such a contract must be executed by both commissioners (Powell v. Tuttle, 3 N. Y. 396; Olmsted v. Elder, 5 N. Y. 144; York v. Allen, 30 N. Y. 104), unless, as is not alleged here, there was, when the contract was executed, but one loan commissioner in the county, or but one able and qualified to act (State Finance Law [chapter 413, p. 356, Laws 1897] § 86).

Nor does the complaint state a sufficient cause of action against the commissioners, as such, either for a return of the deposit money and expenses, or for damages for nonperformance. As loan commissioners the defendants are merely agents and officers of the state. Hence, if they received the earnest money as commissioners, they received it as state officers, and it became at once a part of the state funds, or of a fund in the custody and control of the state, from which it cannot be taken, except in the manner prescribed by the Constitution and statute; that is, by means of a legal appropriation. Const. art. 3, § 21.

Finally, we are of opinion that this court has no jurisdiction of the subject-matter of the action. It is virtually an action against the state to compel the conveyance of property to which it holds title, or, in the alternative, the payment of money out of its treasury. The title to the property is in the state (section 91, c. 360, p. 1039, Laws 1898), and the fund from which the loan on the property was made, and into which the proceeds of a sale must be paid, consists of money received by the state from the United States, for the safe-keeping and repayment of which the "faith of the state is inviolably pledged" (section 82, State Finance Law, supra). This action is therefore one brought against state officers, as representing the state's action and liability, thus making the state, though not a party to the record, the real party against whom the judgment will operate. Such an action is in substance one against the state, of which this court has no jurisdiction. Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. 699, 35 L. Ed. 363; In re Ayers, 123 U. S. 443, 8 Sup. Ct. 164, 31 L. Ed. 216. If the

court has no jurisdiction of the subject-matter of the action, neither the defendants nor the Attorney General can be held to have conferred jurisdiction by appearing generally. It follows that the motion for judgment should have been granted.

It is unnecessary to consider now what redress plaintiff may obtain by suit against the commissioners personally, or by an appeal to the Court of Claims.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.