A. Augustus Low and Vahdah Gara Low, His Wife, Appellants, *v.* The People of the State of New York, Respondent.

Third Department, March 4, 1942.

*George N. Ostrander*, for the appellants.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General; A. C. Taylor, Assistant Attorney-General*, of counsel], for the respondent.

Hill, P. J. Appeal from an order granted under rule 107 of the Rules of Civil Practice dismissing the complaint on the ground that the cause of action did not accrue within the time limited by law for its commencement. It is pleaded that one plaintiff-appellant is the owner of the fee, subject to the inchoate dower right of his wife, the other, " of an undivided one-sixth (1/6th) part of certain real property [unoccupied wild forest lands] situate in the County of Hamilton," which is described by metes and bounds. The history of plaintiff's chain of title is set forth, and certain deeds to the State of New York and incidents connected with incomplete tax sales are pleaded. The paragraph of the complaint immediately preceding the prayer for relief is as follows: " *Ninth.* That by reason of the facts hereinbefore stated the defendant The People of the State of New York might unjustly claim to have some estate, right, share and interest in, lien or encumbrance on said land described in paragraph #1 of this complaint, but such right, share and interest is unknown to the plaintiffs." The relief asked is a judgment against the People that plaintiff has a good and valid title to the premises described and that it be determined that the People of the State have no right in the premises

and that they be forever barred and that plaintiffs be adjudged to be the owners of an undivided one-sixth of the premises and entitled to the lawful and uninterrupted possession thereof as against the defendant the State of New York.

The action was brought under article 15 of the Real Property Law which permits a person who has been for one year in possession of real property claiming it in fee to maintain an action against any other person to compel the determination of any adverse claim. (Real Prop. Law, § 500.) Such an action may be maintained *inter alia* " by or against the people of the State of New York." (Real Prop. Law, § 512.) It was decided at the Special Term that the ten-year Statute of Limitations applied. (Civ. Prac. Act, § 53.) That section reads: " An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues." It is a part of article 2 of the Civil Practice Act. Sections from 44 to and including 61 are captioned, "Actions other than for recovery of real property." The sections immediately preceding those, numbered from 31 through 43, are captioned, " Actions for recovery of real property." Section 34 of the latter group limits the time within which a party " other than the people " may bring an action to recover real property or the possession thereof to fifteen years following the time when " the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises." The People are permitted to " sue a person for or with respect to real property " if the cause of action accrued within forty years before the action is commenced. (Civ. Prac. Act, § 31.) With those provisions in the real property section of the article, recourse may not be had to the omnibus provisions of section 53 earlier quoted which is within the other than real property portion of the article. (*Klin Co.* v. *New York Rapid Transit Corp.*, 271 N. Y. 376.)

The allegations in the complaint, if established, show that plaintiff's action was brought within the time prescribed by the statute. This will not prevent a defense by the State upon proof of facts that the prescribed period within which the action must be brought had expired before the commencement thereof.

The order dismissing the complaint should be reversed on the law, with fifty dollars costs and disbursements, for the reason that it appears that the action was commenced within the time prescribed by the statute.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order reversed on the law, with fifty dollars costs and disbursements, and leave granted to the defendant to make and serve an answer within twenty days after the service of the order entered hereon.