GIOVANNI B. GIUDICI et al., as Administrators with the Will Annexed of LUIGI GIUDICI, Deceased, Plaintiffs, *v.* JOHN A. LOFASO, Individually and as Administrator of the Estate of MARIA LOFASO, Deceased, et al., Defendants.

Supreme Court, Special Term, Queens County, March 19, 1951.

*Saul Kies* for plaintiffs. ·

*Michael Ruggiero* for defendants.

HILL, J.  On March 12, 1941, Luigi Giudici and Maria Giudice acquired certain real property in the county of Queens from the Manhattan Savings and Loan Association by deed of conveyance. The habendum and granting clauses contained the following identical language: " does hereby grant and release unto the party of the second part, the survivor of them, their heirs and assigns forever."  The deed also contains the provision that the grantees are husband and wife in the following language: " Luigi Giudici and Maria Giudice, his wife."

Maria Giudice died on July 20, 1949, at Niagara Falls, New York; Luigi Giudici died on September 18, 1949, in the State of New Jersey.  Letters of administration with the will annexed on the estate of Luigi Giudici were issued to the plaintiffs in this action and letters of administration to John A. Lofaso, one of the defendants herein, on the estate of Maria Giudice.

Luigi Giudici and Maria Giudice never became husband and wife either by a marriage ceremony or by operation of law, both having spouses living from whom neither was divorced.

The question presented on this trial is the nature of the estate of each in the real property.

Section 66 of the Real Property Law reads as follows: " *When estate in common; when in joint tenancy.*  Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy ".·

The majority of the States of the Union, including New York, have long since abolished common-law joint tenancy as against public policy and unless it was clearly the intention of the parties to create a joint tenancy, the rule (Real Property Law, § 66) will apply.

The courts will give expression to the will of the parties whenever possible. (*Miner* v. *Brown,* 133 N. Y. 308.) It is not necessary that the words " joint tenancy " be used to create the estate. (*Coster* v. *Lorillard,* 14 Wend. 265; *Purdy* v. *Hayt,* 92 N. Y. 446.) It has also been held that where a man and woman living as husband and wife acquire property as tenants by the entirety, but were in fact not married because of some disability, the courts will look to the intent, i.e., that it was the intention of both that the survivor would take the whole and find that a joint tenancy was created. (*Gaza* v. *Gaza,* 247 App. Div. 837, affd. 272 N. Y. 617.)

The facts in the cases cited by the defendants are in no wise analogous to the case at bar.

Since it was clearly the intention of the deceased parties, through whom the plaintiffs and the defendants claim title, to create an estate in which the survivor took the whole, it follows that a joint tenancy was created and that the survivor was seized of the whole estate.

Judgment accordingly.