MONTGOMERY WARD & CO., INCORPORATED, Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, November 14, 1951.

*Whalen, McNamee, Creble and Nichols* for respondent.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Thomas Burke* and *A. W. Feinberg* of counsel), for appellant.

BREWSTER, J. This is an action brought against the defendant, The People of the State of New York, under article 15 of the Real Property Law, to compel the determination of a claim to real property. The People appeal from an order which denied their motion under rule 106 of the Rules of Civil Practice for a dismissal of the complaint upon the grounds that it appears on the face thereof that the court is without jurisdiction as to either the " person " of defendant or the subject of the action. As to the court's jurisdiction of the defendant the complaint contains all essential allegations which are prescribed since, by the 1925 amendment (L. 1925, ch. 565), now a part of section 508 of said article (L. 1943, ch. 561, § 12), the State has consented to be sued in such an action. (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472.) That such jurisdiction obtains herein we understand the defendant does not now dispute.

The question before us is whether it appears on the face of the complaint that jurisdiction is lacking as respects the *subject* of the action. The complaint alleges that plaintiff, as lessee, is seized of an estate or interest in the real property described for a term of years greater than five; that the defendant is in occupancy of a portion of said premises after the expiration of its

leases thereof; that it has failed and refused to surrender its possession upon plaintiff's demand, and " intends to continue such possession for an indeterminate time, claiming an estate or interest in said property adverse to the plaintiff as a holdover tenant under said leases to the defendant, for which reason the People of the State of New York are made defendant in this action." The complaint further alleges that the plaintiff seeks to recover for its own use the portion of said property so occupied by the defendant and used by it as offices. The specific demands for judgment are, (1) that defendant and all claiming under it be barred from all claim to an estate or interest in said property, (2) that possession thereof be awarded to the plaintiff, and (3) that a mandatory injunction issue requiring defendant to forthwith vacate and surrender its possession thereof to the plaintiff.

The question before us invites an inquiry, said to be novel in this court, as to whether the afore-stated possession of said real property by the People and its intended indefinite continuance constitute a *claim* to real property, the determination of which may be compelled by an action under said article 15. The pertinent statutory definition of such a claim is: " any claim adverse to that of the plaintiff which the defendant makes, or which it appears   *   *   *   from the allegations of the complaint, the defendant might make ". (Real Property Law, § 500, subd. 1.) It is clear that no judgment which could be rendered in this action could be enforced by execution (Civ. Prac. Act, § 659), and, since any judgment as regards an award of possession to the plaintiff could only be so enforced by legal process, and since, therefore, the purpose of the action as regards plaintiff's expressed endeavor by this means to gain possession may not be achieved through such means, the People contend that the adverse claim pleaded is not one which comes within the purview of the statutory action, and that the statutory allowance for the People to be sued in such an action is thus necessarily limited to the mere judicial determination of the validity of claims, which it asserts or might assert to real property, other than one evidenced by its mere possession as a holdover tenant after demand to quit and surrender. I agree that it is easily conceivable that in the enactment of the aforesaid 1925 amendment, the Legislature did not envision its employment as an agency of moral suasion in compelling the State to quit its possession of another's real property when its rights thereto under its lease had expired. From a practical standpoint such, indeed, appears to be the only

relief which the action can afford to plaintiff. However this may be, under the broad language used by the statute in describing the premise for the maintenance of the action, I think that the complaint's allegations of fact, which must now be accepted (*Locke* v. *Pembroke*, 280 N. Y. 430, 432), disclose the court's jurisdiction of the subject matter set forth. The charge that the defendant intends to continue its possession of said property under its expired leases for an indeterminate time, claiming an estate or interest in said property as a holdover tenant under its leases, to my mind sufficiently describes a claim to real property the determination whereof may be compelled in the instant action. They cast up a situation where some of the relief prayed for, aside from that of a possessory nature, may be afforded and is practicably remediable, viz.: a judicial determination of the nature or status of the defendant sovereign's possession. It may fairly be said that the defendant's possession as alleged discloses that it makes or " might make " some claim to the real property described which is adverse to plaintiff's leasehold. The sovereign's immunity from ouster by legal process does not preclude the court's jurisdiction to determine such a claim. The petitory nature of the action has as venerable sanction as its possessory features. (2 Rev. Stat. of N. Y., part III, ch. V, tit. II.) We are not now concerned with the sufficiency of the complaint as regards its compliance with the statute in setting forth the detail of the nature of the estate or interest alleged to be adversely claimed by the defendant. (Real Property Law, § 502, subd. 1, par. [b].) Under some circumstances the rights of a holdover tenant might prevail over a subsequent lessee and there is the possibility of a cloud on one's title when another's possession continues indeterminately and there is no legal process by which he may be ousted.

The order should be affirmed.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Order affirmed, with $10 costs. [See *ante*, p. 811.]