JAY GIFFORD, Respondent, v. RUPERT H. WHITTEMORE et al., Defendants, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, July 24, 1957.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf* and *James O. Moore, Jr.,* of counsel), for appellant.

*George R. Davis* for respondent.

HALPERN, J. The State of New York appeals from an order which denied its motions to dismiss the complaint. The complaint alleges two causes of action — the first, for partition, and the second, for a determination of a claim to real property under article 15 of the Real Property Law.

The first cause of action alleges that the plaintiff and the three individual defendants are entitled to the ownership in fee simple as tenants in common of lots 4 and 5 of the Luzerne Tract in Warren County. The origin of the claim is stated in the complaint to be the following: The Surveyor General of the State of New York sold the lots in 1831, at public auction, to the predecessors in interest of the plaintiff and the individual defendants and issued certificates of sale to them. They paid 25% of the purchase price and gave their bonds to the People of the State of New York for the balance. Thereafter, the certificate holders defaulted in the payment of the balance of the purchase price. In December, 1898, the Commissioners of the Land Office directed the State Engineer and Surveyor to resell the lots, pursuant to the statute (1829 Rev. Stat. of N. Y., part I, ch. IX, tit. V, §§ 46–48, p. 205). In the meantime, the Forest Preserve had been created by section 7 of article VII of the Constitution of 1894, and the Attorney-General advised the commissioner that, since the two lots were within the Forest Preserve and the Constitution prohibited the sale of lands within the Forest Preserve, the State Engineer and Surveyor should bid in the lots for the State, rejecting bids by all others. Thereafter, in June, 1899, a sale was held and, in accordance with the advice of the Attorney-General, the two lots were bid in by the State and they were restored to the list of lands owned by the State. The complaint alleges that the purported resale of the lots was not in compliance with the statute and was not, in fact, a sale but was, in effect, a withdrawal of the lots from public sale and hence the resale was not effective to foreclose or bar the interest of the certificate holders.

It is further alleged that the predecessors in interest of the plaintiff and of the individual defendants occupied the premises and the house standing thereon until about the year 1915, when the house burned down. No details are given in the complaint as to any subsequent occupancy of the premises; it is alleged that they are " now unoccupied wild vacant forest land ". Finally, the complaint alleges that, prior to the commencement of the action, the plaintiff tendered to the State the amount due on the bonds, together with interest and penalties and reimbursement for taxes, but that the State refused to

accept the tender and refused to issue a patent or other instrument of title.

Upon the basis of these allegations, the plaintiff asks a judgment of partition.

The second cause of action repeats most of the allegations of the first cause of action and seeks a determination of the rights of the plaintiff and the other parties under article 15 of the Real Property Law and asks that provision be made for a method by which any interest of the State may be foreclosed and the State barred from any claim to the property.

The State moved to dismiss both causes of action on the ground of insufficiency and also upon the ground of lack of jurisdiction of the subject matter. The second cause of action was also sought to be dismissed under the Statute of Limitations. The Special Term denied the motions as to both causes of action and this appeal followed.

We are of the opinion that the first cause of action should have been dismissed. An action in partition may be maintained only by one who has legal title to the real property (Civ. Prac. Act, §§ 1012, 1018; *McKenna* v. *Meehan,* 248 N. Y. 206; *Harvey* v. *Metz,* 271 App. Div. 788). While there are some phrases in the complaint which refer to the plaintiff's interest as if it were a legal one and there are general conclusory statements alleging ownership of the property by the plaintiff and the individual defendants, these phrases and statements are overriden by the specific factual allegations as to the origin and nature of their interest. These allegations demonstrate that the plaintiff and the individual defendants are in the position of vendees of real property, the legal title to which remained in the State as the vendor. The equitable interest of a vendee is not sufficient to sustain an action in partition.

The plaintiff apparently brought this action in the form of partition in order to take advantage of the fact that the State has consented to being sued in partition (Civ. Prac. Act, § 1020), but it is evident that the plaintiff's real purpose is not to obtain a partition of the equitable interest held by him and the individual defendants but rather to obtain an adjudication vesting legal title in them or in the purchaser upon a judicial sale. But the Civil Practice Act section cannot be utilized to transform an equitable interest in property owned by the State into a legal title. Where the legal title to property is held by two or more persons, the State has consented that any claim or lien held by it may be cut off in a partition action but, if the parties are merely vendees of property owned by the State, the State has not consented to the use of a partition

action as a means of obtaining specific performance of the contract of purchase (cf. *Switzer* v. *Commissioners*, 134 App. Div. 487).

In an action involving only private parties, it may be permissible to join a cause of action for specific performance, or for the enforcement of a trust or similar equitable relief, with a cause of action to partition the property among the parties, after the legal title has been vested in them by the judgment of the court (*Zim* v. *Cohen*, 221 App. Div. 341). Even in such a case, in the absence of waiver, the issues relating to the equity action would have to be decided separately by the court, while the issues in the partition action would have to be decided by a jury (*McKenna* v. *Meehan*, 248 N. Y. 206, *supra*).

However, it is not permissible to combine two such causes of action in an action against the State under the cover of the consent given by the State to a partition action. Specific performance cannot be enforced against the State (*Switzer* v. *Commissioners*, 134 App. Div. 487, *supra*), so legal title could not be obtained as the basis for partition, by means of the cause of action for specific performance. If an equitable interest is held by two or more persons in lands owned by the State, they must obtain legal title by the voluntary action of the State before they can maintain an action in partition. The first cause of action should therefore have been dismissed.

We believe, however, that the Special Term was right in refusing to dismiss the second cause of action. The State has given consent to being sued in an action under article 15 of the Real Property Law "to compel the determination of a claim to real property" (Real Property Law § 508, formerly § 512, as amd. by L. 1925, ch. 565; *Niagara Falls Power Co.* v. *White*, 292 N. Y. 472; *Montgomery Ward & Co.* v. *People*, 279 App. Div. 85, affd. 304 N. Y. 646).

It had formerly been provided in article 15 (§ 500) that only a person who had been in possession of real property for more than one year, claiming it in fee or for life or for a term of years not less than 10, could maintain an action under the article. The requirement of the claim of a fee or life estate goes back to the Revised Statutes of 1828. However, in 1943, section 500 was completely revised. The requirement that the plaintiff be in possession of the property was eliminated. Also, it was provided that the action could be maintained by any person claiming "an estate or interest in real property" (L. 1943, ch. 561). This was held, in a Special Term decision, to include the equitable interest of a vendee under a contract for the purchase of real property (*Karp* v.

*Twenty Three Thirty Ryer Corp.,* 185 Misc. 440). If there were any doubt as to this point, it was resolved by the amendment to section 500 of the Real Property Law by chapter 105 of the Laws of 1948, which specifically provided that " The interest had by any mortgagee or contract vendee of real property * * * is an ' interest in real property ' as that phrase is used in this article of the real property law ".

In a controversy involving only private parties, a vendee could obtain more comprehensive relief in an action for specific performance and there would be no reason to resort to an action under article 15 but, where the State is the vendor, the amended statute offers a useful remedy to the vendee. If there is a controversy as to the validity of the contract or as to its still being in force, the vendee may obtain a determination of that controversy in an action against the State under article 15. It is true that, in such an action, he can not obtain a decree of specific performance against the State but he can obtain a determination as to the nature and validity of his equitable interest, in the expectation or hope that the State will voluntarily carry out its obligation as adjudicated in the action (cf. *Montgomery Ward & Co.* v. *People,* 279 App. Div. 85, affd. 304 N. Y. 646, *supra*). Such an action against the State by a vendee is, in effect, an action for a declaratory judgment (*Knocklong Corp.* v. *Long Is. State Park Comm.,* 284 App. Div. 973).

The plaintiff is entitled to the benefit of these statutory provisions. Therefore, the second cause of action of the complaint states a good cause of action against the State for a declaration as to the present rights of the parties under the certificates of sale issued by the State to the predecessors in interest of the plaintiff and the individual defendants.

However, article 15 of the Real Property Law authorizes only an adjudication as to the existing rights of the parties; it does not authorize a judgment directing the transfer of legal title by the defendant to the plaintiff. Therefore, the prayer for relief in the complaint, insofar as it seeks a judgment foreclosing the interest of the State, or a direction for the issuance of a patent by the State, is too broad. But " asking for too much does not spoil a complaint " (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480).

Insofar as the complaint seeks an adjudication that the deed to the State upon the resale in 1899 was void, it clearly is within the scope of article 15. An action against the State to clear from the record a void deed running to it is plainly permissible under article 15. If the deed to the State was

void, it did not have the effect of cutting off the rights of the certificate holders and the plaintiff is entitled to an adjudication to that effect (Real Property Law, § 506).

Having determined that the complaint may stand as a complaint under article 15, it is unnecessary and inappropriate to go into the merits of the plaintiff's underlying claim at this stage of the litigation. As a matter of fact, the Attorney-General, in brief and argument, did not go into the merits and did not ask for a dismissal on the ground that the underlying claim had no merit, despite the broad language of his motion to dismiss the complaint for insufficiency. A complaint seeking a determination under article 15 ought not to be dismissed, upon motion before trial, upon the ground that the plaintiff is not entitled to the determination which he seeks. The rule should be the same as that applicable to actions for a declaratory judgment (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45). The complaint stands as a complaint for a declaration, whether it be for or against the plaintiff. '' It is a well-established principle that a complaint in an action for declaratory judgment should not be dismissed as insufficient merely because on the face of the facts alleged it would appear that plaintiff is not entitled to a declaration of rights as he claims them to be '' (*Marshall* v. *City of Norwich,* 1 A D 2d 498, 500).

The State finally urges that the second cause of action should be held to be barred by the Statute of Limitations but we think that the Special Term correctly left this issue to be determined upon the trial. The impact of the Statute of Limitations will depend, at least in part, upon the determination upon the trial as to who had possession of the premises. If the plaintiff and his predecessors were not in possession, the Statute of Limitations began to run against them as soon as it became possible for them to maintain an action of this type against the State (*Low* v. *People,* 263 App. Div. 434; *Ford* v. *Clendenin,* 215 N. Y. 10; *Jacobus* v. *Colgate,* 217 N. Y. 235, 245; L. 1925, ch. 565; L. 1943, ch. 561). However, if the plaintiff and his predecessors were in possession of the premises, the Statute of Limitations could not run against their right to maintain this action. It is well settled that the right of an owner in possession of real property to bring an action to clear his title is a continuing right and no Statute of Limitations runs against it (*Ford* v. *Clendenin, supra,* pp. 16–17; *Greenberg* v. *Schwartz,* 273 App. Div. 814; cf. *Cameron Estate* v. *Deering,* 308 N. Y. 24). The same rule should be applied to an action by a vendee

in possession to obtain an adjudication that his equitable interest is unimpaired.

The State maintains that it had constructive possession of the premises after the actual possession of the plaintiff's predecessors ended in 1915, by reason of the presumption under section 35 of the Civil Practice Act that the holder of the legal title has possession. But the statute under which the certificates of sale were issued, as judicially construed, gave the right of possession to the certificate holders (*Allen v. Commissioners of Land-Office,* 38 N. Y. 312, 316). The plaintiff's predecessors are therefore presumed to have continued in possession, unless their rights under the certificates were cut off by the resale of the premises to the State in 1899; the validity of that resale is one of the questions to be determined upon the trial. The issue of possession cannot be properly determined at this time upon the basis of the complaint and the affidavits. The motion by the State to dismiss the complaint under the Statute of Limitations was, therefore, properly denied, with leave to the State to plead the defense of the statute in its answer.

We are here concerned, of course, only with the question of the Statute of Limitations as affecting the right to maintain this action for a declaration as to the nature and status of the plaintiff's equitable interest. The question of the effect of the lapse of time or laches upon the plaintiff's underlying claim and upon the kind of declaration which may ultimately be given is another matter; that goes to the merits of the case and, as we have held, the merits should await determination upon the trial.

The order appealed from should be modified by striking out the second ordering paragraph and by substituting therefor a provision that the motion addressed to the first cause of action is granted and that that cause of action is dismissed and, as so modified, the order should be affirmed, without costs.

FOSTER, P. J., BERGAN and GIBSON, JJ., concur.

Order appealed from modified, on the law, by striking out the second ordering paragraph and by substituting therefor a provision that the motion addressed to the first cause of action is granted and that that cause of action is dismissed, and, as so modified, the order is affirmed, without costs.