William J. Crangle, J.
Plaintiff has had recourse to CPLR 5208 to enforce a money judgment against real property after the *639 death of the judgment debtor. Pursuant to the section he has obtained leave of this court to issue execution. The decedent’s widow now moves to set aside the order granting leave upon the ground that she had no notice of the application.
The motion is granted. The words of the statute, ‘ ‘ upon such notice as the court may require ’ ’, contemplate notice to the decedent’s distributees who now own the property. The court may not, except on good cause shown and in the proper exercise of discretion, satisfy this notice requirement by directing service upon a substitute no matter how closely related. When as here the substitute, though a son, is an attorney with an interest in the property adverse to that of his mother, the direction is patently insufficient notice to her to constitute due process. (Prentiss v. Bowden, 145 N. Y. 342;, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5208.10 and cases cited; also, see, Legislative Studies and Reports, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5208, pp. 62-66; and Atlas Refining Co. v. Smith, 52 App. Div. 109 for historical treatment of CPLR 5208.)
Plaintiff’s countermotion for an order to extend the lien of the judgment now more than 10 years old must be denied. Although the order and execution were filed prior to the expiration of the 10-year period, they are void and of no effect. (Prentiss v. Bowden, supra.) This court may extend the time fixed by various statutes for performing certain procedural requirements, but it has no power to extend Statutes of Limitation creating substantive rights. (CPLR 2004.)