John T. Casey, J.
In this action for partition the plaintiff has moved for an order granting him summary judgment and for an order pursuant to section 911 of the Real Property Actions and Proceedings Law.
On March 27, 1960, when the plaintiff’s father died intestate he owned a parcel of real property located in Watervliet, New York. The plaintiff’s father was survived by six children (including the plaintiff) and two grandchildren of a predeceased child. Consequently, each child owned, as a tenant in common, with the others, a one-seventh share and each grandchild owned a one-fourteenth share of the realty. On April 20, 1964, the grandchildren and all the children, except the plaintiff, conveyed their interest in the realty to two of the intestate’s children. As a result of that transaction, these children were the owners as tenants in common of six sevenths of the realty and the plaintiff owned one seventh. The individual defendants have apparently been in continuous and exclusive possession of the realty since 1960.
In 1974, the plaintiff commenced this action for partition against those individuals and the bank that holds a mortgage on the premises. The individual defendants claim they have established title by adverse possession under section 541 of the Real Property Actions and Proceedings Law, upon the ground that they have coritinuously and exclusively occupied the premises for a period in excess of 10 years. The plaintiff contends that the provisions of CPLR 218 (subd. [a]) require that the defendants possess the property for at least 15 years before obtaining title by adverse possession.
As of September 1, 1963, the period of limitation applicable to actions to recover real property is 10 years. CPLR 212 (subd. *692 [a]). Prior to that date the limitation period was 15 years as set forth in section 34 of the Civil Practice Act. Simultaneously with CPLR 212 (subd. [a]), ¡the Legislature enacted CPLR 218 (subd. [b]) which provides: (b) Where a cause of action accrued before, and not barred when this article becomes effective, the •time within which an action must be commenced shall be the time which would have been applicable apart from the provisions of this article, or the time which would have been applicable if the provisions of this article had been in effect when the cause of action accrued, whichever is longer.
The plaintiff’s cause of action accrued in 1960. Consequently, the plaintiff had 15 years within which to bring the present action. (Reiter v. Landon Homes, 31 A D 2d 538.) Similarly, the defendants must have occupied the premises for at least 15 years before they could establish title. This is so, because the theory upon which adverse possession rests is that the adverse possessor may acquire title only when an action for ejectment by the record owner would be barred by the Statute of Limitations.
The defendants claim, however, that under section 541 of the Real Property Actions and Proceedings Law the period of continuous occupancy necessary to obtain title by adverse possession is 10 years. Section 541 provides: “ Where the relation of tenants in common has existed between any persons, the occupancy of one tenant * # * is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises has acquired another title or has claimed to hold adversely to the other. But this presumption shall not be made after the expiration of ten years of continuous occupancy by such tenant ’ ’. In the present case there is a conflict between section 541 and the effect of CPLR 218 (subd. [a]), i.e., the plaintiff has until 1975 to commence an action for ejectment, but the defendants defeated the presumption of nonadverse possession by a cotenant in 1970.
Section 541 became effective on September 1, 1963. Previously, the subject matter of section 541 was covered by section 41-a of the Civil Practice Act and 15 years, instead of 10 years, had to elapse before the presumption expired. Consequently, prior to September 1,1963 when sections 34 and 41-a of the Civil Practice Act were operative, the period of limitation for an action to recover real property was 15 years and 15 years had to elapse before the presumption concerning adverse possession by a tenant in common expired. ,
*693 When the Legislature enacted the CPLR the limitation period for an action to recover real property was decreased to 10 years by CPLR 212 (subd. [a]). At the same time, section 41-a of the Civil Practice Act was deleted and the subject matter of that section was encompassed by section 541 of the Beal Property Actions and Proceedings Law. The CPLR, however, contains a savings clause — section 218 (subd. [b]) — whereby in the instant case the plaintiff retained the benefits of the 15-year Statute of Limitations. Probably due to an oversight, the Legislature failed to provide a similar savings clause applicable to section 541 of the Real Property Actions and Proceedings Law. The absence of such a provision causes the awkward situation in the present case. This apparent conflict does not, however, aid the defendants. The clear legislative scheme was to avoid depriving a person such as the plaintiff of the 15-year period of limitations. Section 541 of the Real Property Actions and Proceeding Law, in essence, deals with an evidentiary issue; it does not indicate a legislative deviation from that scheme. (Cf. Reiter v. Landon Homes, 31A D 2d 538, supra.)
Summary judgment granted to the plaintiff. Submit order in accordance with section 911 of the Beal Property Actions and Proceedings Law.