■ DANIEL HURLEY, III, et al., Respondents, v MARY HURLEY et al., Defendants, and STATE OF NEW YORK, Appellant.—In an action, *inter alia,* for partition and for an easement of access over certain property, the State of New York appeals from an order of the Surrogate's Court, Nassau County, dated March 15, 1978, which denied its motion to dismiss the amended complaint as against it. Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "except that the motion is granted as to the third, fourth and fifth causes of action and the said causes of action are dismissed." As so modified, order affirmed, without costs or disbursements. The State is immune from suit except to the extent that its immunity has been expressly waived *(Benz v New York State Thruway Auth.,* 9 NY2d 486; *Easley v New York State Thruway Auth.,* 1 NY2d 374). The claims against the State here dismissed arose primarily from the actual act of appropriation of real property for which the State has waived its immunity only in the Court of Claims (see Court of Claims Act, § 9, subd 2). The second cause of action, however, seeks a determination of plaintiffs' claim to an easement in real property owned by the State. Consequently, the waiver of immunity contained in section 1541 of the Real

Property Actions and Proceedings Law applies (see *Gifford v Whittemore,* 4 AD2d 379). If the plaintiffs are successful in establishing their right to an easement, the State, as owner of the servient estate, will be affected by the ultimate determination of the partition action. Consequently, it should be retained as a party to the first cause of action as well (see Real Property Actions and Proceedings Law, § 904). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.