OPINION OF THE COURT
George A. Murphy, J.
The defendants, Richard Eckhardt, as the executor of the estate of the decedent, Eric P. Newton, and Charles Randel, as the sole beneficiary of the estate have moved to dismiss the complaint on the ground that the action is barred by the Statute of Limitations.
In this action, commenced pursuant to RPAPL article 15, the plaintiff, Fay Padova, as the administratrix of the estate of decedent, Daniel Savarese, seeks to recover a one-half interest in real property located at 62 Firwood Road in Port Washington.
On or about July 16, 1953, Daniel Savarese purchased the subject premises with Mary Savarese. Title was taken as “DANIEL SAVARESE and MARY SAVARESE, his wife.”
Mr. Savarese died on March 27, 1970. Thereafter, in 1974 Mary Savarese married Eric P. Newton. On April 27, 1979 Mary Savarese, also known as Mary Newton, trans *854 ferred title to the premises by deed to herself and Eric Newton, as tenants by the entirety.
On November 1, 1981 Mary Savarese, also known as Mary Newton, died. Eric Newton died several months later on April 30, 1982.
Plaintiff claims that Daniel Savarese and Mary Savarese were never lawfully married and that title to the subject premises was taken by them as tenants in common and not as tenants by the entirety. Plaintiff further argues, citing CPLR 212 (subd [a]) and RPAPL 541 that a cause of action to recover the subject property and to request partition did not accrue until the heirs of the estate of the decedent Daniel Savarese were ousted from legal title by the conveyance of April 27, 1979.
The defendant, on the other hand, argues that plaintiff’s cause of action accrued on March 27,1970 with the death of Daniel Savarese.
CPLR 212 (subd [a]) provides: “An action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action.”
RPAPL 541 provides: “Where the relation of tenants in common has existed between any persons, the occupancy of one tenant, personally or by his servant or by his tenant, is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises has acquired another title or has claimed to hold adversely to the other. But this presumption shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, personally or by his servant or by his tenant, or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his cotenant.”
A person claiming title to real property, but not in possession must act affirmatively and within the time provided by statute (Ford v Clendenin, 215 NY 10, 17). Moreover, if a plaintiff or Ms predecessors were not in possession of the premises, the Statute of Limitations begins to run against them as soon as it becomes possible *855 for them to maintain an action of this type (Low v People, 263 App Div 434; Jacobus v Colgate, 217 NY 235, 245; Gifford v Whittemore, 4 AD2d 379).
Assuming, arguendo, that Daniel and Mary Savarese were not married and were tenants in common, the instant action must fail.
In Marchese v Marchese (78 Misc 2d 690) a case similar to the one at bar, the court held that an action of partition by a tenant in common was barred because the cause of action accrued on the death of the plaintiff’s father and the applicable Statute of Limitations had run.
Here, Daniel Savarese died in 1970 and the Statute of Limitations for the commencement of this action expired 10 years later in 1980 (CPLR 212, subd [a]; Low v People, supra). The 10-year presumption of occupancy contained in RPAPL 541 is merely a presumption of fact that runs concurrently with the 10-year period of limitation that bars actions for claims of title by adverse possession (Graham v Graham, 45 Misc 2d 298). To hold otherwise would be to extend the Statute of Limitations from 1970, the date Mr. Savarese died, to 1989.
While a court may extend the time fixed by various statutes for performing certain procedural requirements, it has no power to extent the Statute of Limitations creating substantive rights (Place v Albanese, 73 Misc 2d 638; Lennox v Rhodes, 39 AD2d 801).
Possession follows the record title and the true owner is constructively in possession to land which such owner holds unless such land is adversely held by another (see Beers v Hotchkiss, 230 App Div 4-47, revd on other grounds 256 NY 41). Here, the Statute of Limitations began to run upon the death of Daniel Savarese and it was possible to maintain an action under RPAPL article 15 (Gifford v Whittemore, 4 AD2d 379, supra).
However, even in the event that Daniel and Mary Savarese were not legally married, due to the existence of a valid and existing prior marriage, the plaintiff has the burden of rebutting the presumption of marriage (Esmond v Lyons Bar & Grill, 26 AD2d 884; Matter of Masocco v Schaaf, 234 App Div 181). Even accepting the claim of Maria C. D’Amico that she is the lawful wife of Daniel Savarese, the court *856 may look into the intent of the parties based on the circumstances when the challenged conveyance was made (Giudici v Lofaso, 199 Misc 401).
A court will give expression to the will of the parties whenever possible (Miner v Brown, 133 NY 308). It is not necessary that the words “joint tenancy” be used to create the estate (Coster v Lorillard, 14 Wend 265; Purdy v Hayt, 92 NY 446).
Here, Daniel and Mary Savarese lived together as man and wife at the very least from the purchase of the subject premises to Mr. Savarese’s demise in 1970. The contract of sale for the premises in 1953 read “Daniel Savarese and Mary Savarese, his wife.” A deed so inscribed was similarly accepted. The mortgage and mortgage bond were also inscribed in the same fashion. There was further evidence that the parties purchased a cemetery plot in joint names.
Under the circumstances, it is clear that the parties intended a joint tenancy of the subject premises (cf. Giudici v Lofaso, supra).
Thus, title to the property vested in Mary Savarese when Mr. Savarese died in 1970 rendering moot any claim by plaintiff based on a tenancy in common.
Based on the foregoing, the motion to dismiss the complaint is granted and defendants are awarded costs and disbursements.