■ ADOLF KOLB et al., Appellants, v JOHN ANISIS, Respondent. — In an action pursuant to RPAPL article 15 to determine title to real property, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated March 16, 1983, as, upon granting their motion for reargument, adhered to its original determination, dated January 24, 1983, denying their motion for summary judgment.

Order affirmed insofar as appealed from, without costs or disbursements.

In October, 1963, plaintiffs, as husband and wife, acquired title to the premises in issue as tenants by the entirety. In July, 1970, defendant acquired plaintiff Hedy Kolb's interest in the subject premises by a Sheriff's deed as a result of a judgment having been entered by defendant against Hedy Kolb in the sum of $1,000. For a period in excess of 10 years preceding the commencement of this action, plaintiffs remained in possession of the premises, and they also collected rents therefrom. It is alleged that at no time during that period did defendant either occupy the premises or receive rents therefrom.

This action was initiated by plaintiffs in 1982 to establish their title to the property in issue, free and clear of any claim by defendant, upon a claim of adverse possession. Plaintiffs moved for summary judgment. In opposition, defendant argued that because Adolph Kolb at all times retained his title to the premises as a tenant by the entirety, he could not be evicted and a partition action was not available, so that plaintiffs continued possession of the premises could not be adverse as to defendant. Special Term, apparently accepting this rationale, denied the motion for summary judgment. We now affirm, but upon a different basis.

When defendant acquired Hedy Kolb's interest in the premises by a Sheriff's deed, he became a tenant in common with Adolf Kolb, subject to Adolf's right of survivorship (*Finnegan v Humes,* 252 App Div 385, affd 177 NY 682; *Ryan v Fitzsimmons,* 57 AD2d 922; 5A Warren's Weed, New York Real Property [4th ed], Tenancy by Entirety, § 4.03; 24 NY Jur 2d, Cotenancy and Partition, § 53). Defendant thus acquired the rights of a tenant in common, *inter alia,* to share in the possession and rental income of this two-family house that constituted the premises. Although defendant's interest could be extinguished by the adverse possession of another, RPAPL 541 provides:

"§ 541 Adverse possession, how affected by relation of tenants in common

"Where the relation of tenants in common has existed between any persons, the occupancy of one tenant, personally or by his servant or by his tenant, is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises has acquired another title or has claimed to hold adversely to the other. But this presumption shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, personally or by his servant or by his tenant, or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his cotenant".

Under this section, assuming that during that 10-year period plaintiff Adolf Kolb had continuous exclusive occupancy, his possession of the premises was not adverse to defendant until 1980, 10 years after the relationship of a tenancy in common was created, unless defendant is found to have been ousted before that time (see 1975 Report of the Law Revision Comm, Relating to Presumption of Nonadverse Possession of Tenants in Common; Roberts, Property, 27 Syracuse 387; but see *Padova v Eckhardt,* 118 Misc 2d 853). Accordingly, plaintiffs' claim of adverse possession could not be properly asserted before 1990 unless an ouster is established. On this record, we are unable to determine, for summary judgment purposes, whether there was an ouster of defendant after he became a tenant in common in 1970. Plaintiffs' motion for summary judgment was therefore properly denied. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.