■ ROBERT ELLER, Respondent, v HYALA ELLER, Also Known as ESTHER SHAPIRO, Appellant, et al., Defendant.—In an action for the partition of certain real property, the defendant Hyala Eller appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Krausman, J.), entered July 3, 1989, as granted the plaintiff's motion for partial summary judgment declaring that the plaintiff is entitled to partition, and appointing a Referee to ascertain the rights of the parties in the property. The notice of appeal from a decision dated March 24, 1989, is deemed a premature notice of appeal from the order *(see,* CPLR 5520 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Hyala Eller (hereinafter the defendant) were once husband and wife who held the title to

the property which is the subject of this action as tenants by the entirety. They were divorced in 1971, thus transforming their ownership to that of tenants in common *(see, Ripp v Ripp,* 38 AD2d 65, *affd* 32 NY2d 755). Litigation, primarily but not exclusively over custody of the children, continued for years thereafter. The defendant took possession of the premises in 1979 and the plaintiff commenced this action for partition *(see,* RPAPL art 9) in 1988. By her answer, the defendant asserted as an affirmative defense that the plaintiff has unclean hands. She also counterclaimed for a determination that she acquired full title to the property by adverse possession *(see,* RPAPL art 5).

Neither the litigious nature of the parties' relationship nor the plaintiff's allegedly wrongful conduct with respect to their children has a direct bearing on the subject matter of this litigation and neither can serve as a basis for defeating the plaintiff's right to seek partition *(see, Cohn & Berk v Rothman-Goodman Mgt. Corp.,* 125 AD2d 435, 436; *see also, Agati v Agati,* 59 NY2d 830). Moreover, the record makes clear that the defendant cannot prove a claim of adverse possession *(see,* RPAPL 541; CPLR 212 [a]; *Perkins v Volpe,* 146 AD2d 617). We therefore agree with the Supreme Court that the defendant failed to demonstrate the existence of triable issues of fact sufficient to defeat the plaintiff's motion for partial summary judgment. We have also considered the remaining contentions and find them either to be without merit or not properly preserved for appellate review *(see, Kartinganer Assocs. v Town of New Windsor,* 132 AD2d 527). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.