◼ RICHARD PALMER, Respondent, v MARY P. McCORMICK et al., Defendants, and CAROLYN C. MEYER, Appellant. [611 NYS2d 312] —In an action for partition of real property and for a judgment declaring that two deeds are invalid, the defendant Carolyn Call Meyer appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated August 7, 1992, which granted the plaintiff's motion for summary judgment in his favor.

Ordered that the order is affirmed, with costs.

The plaintiff and the appellant, along with several of the codefendants, are tenants in common of the subject property. The invalid deeds were executed by the appellant's predecessors in interest, who were also cotenants of the property. The second of those deeds, which was executed by the appellant's father in 1983, purportedly conveyed title to a specific part of common land to the appellant. However, a tenant in common cannot convey title to a specific part of common land against cotenants, and cannot grant easements conferring any right which could be enforced against the other tenants in common (see, Palmer v Palmer, 150 NY 139).

Further, pursuant to RPAPL 541, the exclusive possession of property by one tenant in common cannot be adverse to any cotenant in common until the "expiration of ten years of continuous exclusive occupancy by such tenant" (see, Kolb v Anisis, 104 AD2d 399). The appellant's alleged exclusive possession of the portion of the subject property which she claims is hers could have begun, at the earliest, in 1983, when her father purportedly conveyed that portion of the subject property to her. Thus, the appellant's adverse possession of the property could only have begun in 1993. The Statute of

Limitations for actions to recover property held by adverse possession is generally 10 years (see, CPLR 212 [a]). Accordingly, her title by adverse possession could not have ripened until yet another 10 years had passed. Since the instant action was commenced in 1991, the appellant's claim that she holds title by adverse possession is plainly without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.