■ JOSEPHINE PRAVATO, Appellant, v M.E.F. BUILDERS, INC., et al., Respondents. (And a Third-Party Action.) [629 NYS2d 796] —In an action pursuant to RPAPL article 15 to recover real property and quiet title, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered June 17, 1993, which, upon granting the parties' respective motions for renewal, denied her motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' cross motion for summary judgment is denied, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In 1969, Adelina Sergio and her son, Paul Sergio, acquired title to the property in issue as tenants in common. On February 25, 1975, Adelina died intestate, leaving four children— Josephine (Sergio) Pravato, Fred Sergio, Joseph Sergio, and Paul Sergio. After Adelina's death, Paul had exclusive occupancy of the property and paid all property expenses. In 1984, Paul, representing that he was Adelina's sole surviving heir, sold the property to the defendant Herbil Holding Co. (hereinafter Herbil). Subsequently, the remaining defendants acquired title to portions of the property through Herbil.

In 1989, Josephine learned that Paul sold the property. In 1990, Josephine commenced this action as Adelina's personal representative seeking an order declaring her the owner of an undivided one-half interest in the property, possession of the undivided one-half interest in the property, and damages. In their answer, the defendants asserted, *inter alia*, that the action was barred by the Statute of Limitations, that they owned the property by adverse possession, that they were bona fide purchasers, and that the action was barred by the doctrine of equitable estoppel and laches. Thereafter, Josephine moved for summary judgment and the defendants cross moved for summary judgment dismissing the complaint. The Supreme Court denied Josephine's motion and granted the defendants' cross motion on the ground that the action was barred by the Statute of Limitations. We reverse.

CPLR 212 (a) provides that an action to recover real property cannot be commenced unless the plaintiff possessed the premises within 10 years before the commencement of the action. RPAPL 541 provides that there is a presumption that a tenant in common in possession of the property holds the property for the benefit of all the tenants in common (*see, Kraker v*

*Roll,* 100 AD2d 424, 434). The presumption ceases only after the expiration of 10 years exclusive occupancy of such tenant or upon ouster (*see,* RPAPL 541; *Kolb v Anisis,* 104 AD2d 399, 400).

When Adelina died intestate, title to her undivided one-half interest in the property vested automatically in her four children as tenants in common (*see, Kraker v Roll, supra,* at 429). Pursuant to RPAPL 541, from 1975 until the sale of the property in 1984, Paul occupied the property for the benefit of his co-tenants. Upon the sale of the property, Paul ousted his co-tenants from the property, the presumption of RPAPL 541 ceased, and the Statute of Limitations for adverse possession began to run (*see, Kraker v Roll, supra,* at 434-435; *but see, Article Ten Props. v Kocak,* 164 AD2d 448). Accordingly, the defendants' title by adverse possession would not ripen until 1994 (*see, Palmer v McCormick,* 204 AD2d 522). Thus, this action, which was commenced in 1990, was timely.

The cases of *Padova v Eckhardt* (118 Misc 2d 853) and *Marchese v Marchese* (78 Misc 2d 690) which state that, in the case of the right to possession acquired through intestate distribution the cause of action accrues on the date of the decedent's death, clearly ignore the presumption set forth in RPAPL 541. Therefore, we decline to follow these cases.

Nor was Josephine equitably estopped from commencing this action since there is no evidence that the plaintiff knew or should have known of the sale prior to 1989. Finally, Josephine's delay in asserting her right to the property does not constitute laches (*see, Kraker v Roll, supra,* at 435). Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.