■ CHARLES A. MYERS, Appellant, v THELMA BARTHOLOMEW et al., Respondents. [649 NYS2d 723] —In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Goldberg, J.), dated July 17, 1995, which denied his motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record, summary judgment is awarded to the defendants, and the complaint is dismissed; as so modified, the order is affirmed, without costs or disbursements.

In 1959, Aston Bartholomew and Julia Craft acquired title to an apartment as tenants in common. When Aston Bartholomew died intestate in 1979, title to his undivided one-half interest in the apartment vested in his wife and his three daughters, the defendants, as tenants in common. Later that

year, Julia Craft and her husband, the plaintiff, moved into the apartment. When Julia Craft died intestate one year later, title to her undivided one-half interest in the apartment vested in the plaintiff as a tenant in common. On July 8, 1993, the plaintiff commenced the instant action to establish his ownership of the apartment.

RPAPL 541 provides that there is a presumption that a tenant in common in possession of property holds the property for the benefit of all of the tenants in common (*see, Kraker v Roll,* 100 AD2d 424, 434; *see, also, Pravato v M.E.F. Bldrs.,* 217 AD2d 654). The presumption ceases only after the expiration of 10 years of continuous exclusive occupancy by such tenant or immediately upon ouster (*see,* RPAPL 541; *Perez v Perez,* 228 AD2d 161; *Pravato v M.E.F. Bldrs., supra; Palmer v McCormick,* 204 AD2d 522; *Kolb v Anisis,* 104 AD2d 399, 400).

The plaintiff's possession of the apartment in this case was permissive from its inception, and he did not thereafter distinctly assert his right hostile to the other cotenants. The plaintiff's payment of property expenses and his upkeep of the apartment did not sufficiently apprise his cotenants that he claimed exclusive ownership *(see, Perez v Perez, supra).* Since the plaintiff has not demonstrated an ouster, the period of adverse possession herein could not have commenced to run until the expiration of 10 years of continuous exclusive occupancy which, at the earliest, would have commenced in 1989 *(see, Palmer v McCormick, supra; Kolb v Anisis, supra).*

Therefore, the Supreme Court properly determined that the plaintiff failed to rebut the presumption that he held the apartment for the benefit of all of the tenants in common from 1979 through 1989, and that any claim to title via adverse possession would not ripen until 1999. Accordingly, this Court will search the record (*see,* CPLR 3212) and award summary judgment to the defendants dismissing the complaint. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.