■ LORI PERKINS, Formerly Known as HANNELORE VOLPE, Respondent, v ANTHONY M. VOLPE, Appellant.—In an action, *inter alia,* for the partition of real property, the defendant appeals from an interlocutory judgment of the Supreme Court, Westchester County (Buell, J.), dated February 9, 1988, which after a nonjury trial, *inter alia,* found that the plaintiff is seized in fee simple absolute of an equal and undivided one-half interest in the subject property, and appointed a Referee to sell the property and compute the adjustments between the plaintiff and defendant.

Ordered that the interlocutory judgment is affirmed, with costs.

As a result of their divorce, the parties held the marital dwelling as a tenant in common, with each of them owning an undivided one-half interest. In 1969 the plaintiff moved out of their home and since that time, the defendant has enjoyed the exclusive occupancy of the house. The plaintiff visited the premises on two occasions, but never entered the house because the defendant was not present. The defendant claims that he ousted the plaintiff and has subsequently acquired the premises by adverse possession. We disagree.

The defendant's exclusive occupancy of the premises, standing alone, does not constitute an ousting of the plaintiff because, as a tenant in common, the defendant has a right to occupy the whole of the premises *(see, Gralicer v Johnstone,* 144 AD2d 436). In the plaintiff's absence, the defendant

changed the locks of the house. Although at trial he claimed he did so in an effort to deny the plaintiff entry, he stated at his examination before trial that he changed the locks for security reasons having nothing to do with the plaintiff. Furthermore, at trial the defendant testified that he never interfered with the plaintiff's right to possess the property nor did he ever communicate to her his claim of sole ownership. Under these circumstances, the defendant was unable to establish that the plaintiff was ousted (see, *Culver v Rhodes,* 87 NY 348; *Knowlton Bros. v New York Air Brake Co.,* 169 App Div 324, 334). Even assuming, arguendo, that the plaintiff was put on notice when she visited the premises in 1978 that the defendant had changed the locks, thereby denying her access to the premises, the defendant still could not acquire the property by adverse possession as he was unable to hold the property adversely for the statutory period (see, RPAPL 541; CPLR 212 [a]).

We find unpersuasive the defendant's contention that since the plaintiff sought to collect rents in addition to a partition of the property, it was an admission that she was ousted. The general rule is that a tenant in common cannot collect rents from a cotenant who is in exclusive possession of the premises unless there exists an agreement to that effect or unless the cotenant seeking rents has been ousted (see, *Goldberg v Ochman,* 143 AD2d 255). Nevertheless, it is appropriate for the plaintiff to advance different theories of recovery regardless of their incompatibility (see, CPLR 3014; *Mitchell v New York Hosp.,* 61 NY2d 208, 218). Such inconsistent pleadings are not deemed to be admissions (see, *Scolite Intl. Corp. v Vincent J. Smith, Inc.,* 68 AD2d 417, 421). Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.