■ MARIE TREVISANO, Individually and as Sole Distributee of the Estate of LILLIAN APUZZO, Deceased, Appellant, v SALVATORE GIORDANO et al., Respondents. [609 NYS2d 122] — Order unanimously affirmed without costs. Memorandum: Defendants presented evidence sufficient to demonstrate that, at the death of plaintiff's grandparents in 1949 or 1950, title to the premises vested in their children as tenants in common *(see, Kraker v Roll,* 100 AD2d 424, 429). It is presumed that the exclusive possession of a co-tenant is not adverse to the other tenants. Exclusive possession alone is not the equivalent of an ouster *(see, Perkins v Volpe,* 146 AD2d 617, *lv dismissed* 74 NY2d 791). Although plaintiff's parents remained in possession in excess of 10 years, the expiration of the 10-year period merely triggers the possibility of adverse possession; it does not establish it *(see, Matter of Kelley,* 140 Misc 2d 876, 879). Adverse possession requires "very obvious and overt acts which unmistakably repudiate a non-possessory owner's right by one possessing the property" *(Matter of Kelley, supra,* at 879). We do not find, upon this record, any evidence of such acts on the part of plaintiff's parents. We conclude, therefore, that Supreme Court properly granted summary judgment to defendants. (Appeal from Order of Supreme Court, Kings County, Golden, J.—Dismiss Complaint.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.