■ BERNARD ROSENBERG, Respondent, v LITAS INVESTING Co., INC., et al., Appellants. [622 NYS2d 775] —In an action to recover damages, inter alia, for breach of a guarantee agreement, the defendants appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), dated October 8, 1993, entered upon an order of the same court, entered September 8, 1993, which is in favor of the plaintiff and against them in the principal sum of $88,698, plus costs and disbursements of $1,035, for a total sum of $89,733. The defendants' notice of appeal from the order entered September 8, 1993, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is modified, by adding thereto the following second decretal paragraph: "ORDERED, ADJUDGED and DECREED that within 30 days of the plaintiff's receipt of the full amount of the judgment (i.e. $89,733) he shall surrender his shares of stock in Litas International, Inc., to the defendant"; as so modified, the judgment is affirmed, with costs to the respondent.

Between December 23, 1981, and May 1, 1990, the plaintiff invested $84,751 as a limited partner in two of the defendants'

businesses under a guarantee agreement which gave him the unconditional right to the return of his investment funds upon demand. His limited partnership interests were subsequently converted into shares of stock in Litas International, Inc. When the defendants refused to repurchase his stock in Litas International, Inc., in accordance with the guarantee agreement, the plaintiff commenced the instant action to recover damages for breach of the agreement. The plaintiff subsequently moved to strike the defendants' answer based upon their failure to comply with a conditional preclusion order. Upon the defendants' default in opposing the motion to strike, the Supreme Court awarded judgment in favor of the plaintiff on the issue of liability, and directed an inquest on the issue of damages.

It is well settled that upon the entry of a default judgment, the allegations contained in the plaintiff's complaint "insofar as they pertain to the question of liability, must be deemed admitted" (Rich-Haven Motor Sales v National Bank, 163 AD2d 288, 290). Thus, since the plaintiff alleged in his complaint that the defendants had unconditionally agreed to repurchase his investment shares on demand, there is no merit to the defendants' claim that the plaintiff is not entitled to the return of his investment funds because his investment shares remain viable. Moreover, in view of the fact that the defendants failed to offer any evidence at the inquest to rebut the plaintiff's testimony concerning the sums he invested in the defendants' businesses, or the sums he expended for attorneys' fees, the Supreme Court properly awarded the plaintiff judgment in the principal sum of $88,698.

In accordance with the parties' agreement, however, we modify the judgment to require that the plaintiff surrender his shares of stock in Litas International, Inc., within 30 days after he receives the full sum due under the judgment. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.