■ JUSTINA GONZALEZ et al., Appellants, v NEREIDA GONZALEZ, Respondent, et al., Defendants. [653 NYS2d 700] —In an action to partition real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Yoswein, J.), dated March 8, 1996, which denied their motion for summary judgment. Justice Copertino has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is granted.

In 1959 the plaintiff Justina Gonzalez and her then-husband, Ruben Gonzalez, acquired title to the premises at issue as tenants by the entirety. As a result of their 1974 divorce, Justina and Ruben Gonzalez held the marital dwelling as tenants in

common, with each of them owning an individual one-half interest. After the divorce, Ruben Gonzalez retained possession of the premises and on January 2, 1976, he married the defendant Nereida Gonzalez (hereinafter the respondent) and they continued to reside at the premises. Ruben Gonzalez died on December 2, 1993, and the respondent remained at the premises she had previously shared with her husband.

Justina Gonzalez and the two issue of her marriage with Ruben Gonzalez commenced this action for partition of the subject premises. The respondent, *inter alia,* interposed a counterclaim asserting a claim to the premises by adverse possession.

The plaintiffs' motion for summary judgment should have been granted. The exclusive occupancy by Ruben Gonzalez of the former marital premises, standing alone, does not constitute an ousting of the plaintiff Justina Gonzalez, who, as a tenant in common, had a right to occupy the whole of the premises (*see, Perkins v Volpe,* 146 AD2d 617; *Gralicer v Johnstone,* 144 AD2d 436). Adverse possession requires obvious and overt acts by the person holding possession that are openly hostile to the nonpossessory owner's rights (*Hinkley v State of New York,* 234 NY 309, 316; *Trevisano v Giordano,* 202 AD2d 1071). In opposing the motion for summary judgment, the respondent failed to show that the possession of the premises by Ruben Gonzalez was openly hostile to the rights of Justina Gonzalez, nor can the respondent claim that she occupies the premises under color of title. Copertino, J. P., Altman, Goldstein and McGinity, JJ., concur.