■ PATRICIA GUARDINO et al., Respondents, v FRANK L. COLANGELO et al., Defendants, and RMF PARTNERS, Appellant. [691 NYS2d 664] —Spain, J. Appeal from a judgment of the Supreme Court (Leaman, J.), entered September 28, 1998 in Columbia County, upon a decision of the court in favor of plaintiffs.

The issue on this appeal is whether plaintiffs acquired title by adverse possession to property on which they built their house in 1977 on the belief that it was part of their abutting real property, but was in fact within a cul-de-sac over which the deed into plaintiffs conveyed an easement. To summarize, in 1974 the original grantor, Albert Christiana, filed in the Columbia County Clerk's Office a map of a four-lot subdivision carved out of land owned by him in the Town of Copake, Columbia County. In 1975 he conveyed by deed one of the parcels to plaintiffs: a 0.76-acre lot set forth on the filed map as Parcel "K" which included an easement over a proposed 50-foot wide private roadway leading to the public highway, County Route 11-A. The deed specifically refers to the filed map on which the four lots, the private roadway and a cul-de-sac, located at the interior end of the roadway, are depicted. Thereafter, Christiana, without the aid of a surveyor, had a cul-de-sac created in a location somewhat different from, but in proximity to, that depicted on the filed map. To this day, a narrow driveway connects the disputed area with the public highway. In 1977 plaintiffs, also without the aid of a surveyor and relying on the misplaced cul-de-sac, erected a house on what they believed was their property; the house was actually built, however, within a portion of the mapped cul-de-sac, entirely outside their property. The misplaced cul-de-sac was never used and eventually became overgrown and virtually indistinguishable from the rest of the terrain surrounding the house.

Christiana and his successors subsequently conveyed the remaining three lots in the subdivision (Parcels "G", "M" and "O"). Of particular significance, the deeds to these three lots conveyed a *fee interest* in the private roadway as tenants in common where, by contrast, plaintiffs' deed had conveyed only an *easement* over that roadway. From 1977 to 1993, none of the other lot owners attempted to use any portion of the mapped cul-de-sac, nor did they object to the location of

plaintiffs' house. In 1993 plaintiffs had their property surveyed, revealing their encroachment. Shortly thereafter, with full knowledge of plaintiffs' encroachment, defendant RMF Partners purchased Parcel "O" from Christiana's successor, as an undeveloped 1.70-acre lot which borders the mapped cul-de-sac within which plaintiff's house has stood since 1977.

In 1994 plaintiffs commenced the instant action to quiet title with respect to the area of their encroachment based on adverse possession. RMF answered and asserted a counterclaim seeking to quiet title to the same area in its favor and asserting an easement by necessity.* Following a nonjury trial, Supreme Court determined that plaintiffs had, by adverse possession, acquired "the land upon which their residence and immediate improvements with respect thereto are located" and judgment was issued in their favor. RMF has appealed.

It is well settled that to prevail on a claim to title by adverse possession, it is the possessor's burden "to establish that the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' * * * for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159, quoting *Brand v Prince*, 35 NY2d 634, 636). Here, the record reveals that in 1977 plaintiffs built their house on property which was later acquired in fee by RMF in common with the owners of the two remaining lots. Clearly, the erection of a building constitutes an "open and notorious" use of the disputed area (*see, Sinocropi v Town of Indian Lake*, 148 AD2d 799, 799-800). Moreover, "hostility may be found even though the possession occurred inadvertently or by mistake" (*id.*, at 800; *see, Bradt v Giovannone*, 35 AD2d 322, 325-326). Our review of the record supports Supreme Court's conclusion that plaintiffs satisfied their burden and were entitled to judgment declaring that they are the owners of the disputed area by adverse possession.

We find incorrect RMF"s assertion that plaintiffs were tenants in common with RMF and the other lot owners and, thus, plaintiffs were required to adversely possess the disputed area for 20 years rather than 10 years (*see*, RPAPL 541; *Myers v Bartholomew*, 91 NY2d 630). RMF relies on the common-law rule that "[w]here parties hold property as tenants in common, RPAPL 541 creates a statutory presumption which the adverse claimant must overcome * * * that a possessory tenant in common holds the property for the benefit of the other co-tenant(s)

---

* After the commencement of this action, the other two lot owners—also named as defendants herein and who did not answer the complaint—deeded their interest in the disputed area to plaintiffs.

* * * [which] ceases only after the expiration of ten years of exclusive and hostile occupancy by the adverse claimant, or upon ouster of the co-tenant(s)" (*Perez v Perez*, 228 AD2d 161, 162; *see*, RPAPL 541). However, plaintiffs are not tenants in common with RMF or the others to the disputed area. The plain language of the relevant deeds demonstrates, as noted, that the deed to plaintiffs, unlike the deeds conveying the other three lots in the subdivision, conveys only an *easement* and not a fee interest in the disputed area. Accordingly, RPAPL 541 does not extend the 10-year period with respect to plaintiffs' adverse possession claim. Moreover, even if plaintiffs were co-tenants, the RPAPL 541 presumption ceases "immediately upon an *ouster* by one tenant of the other" (RPAPL 541 [emphasis supplied]). In our view, plaintiffs' erection of a house and improvements within the disputed area was so open, public and unequivocal that it clearly constituted ouster, rendering inapplicable the additional 10-year period (*see, Myers v Bartholomew, supra*, at 634-635).

Additionally, RMF's reliance upon the "paper street" rule to defeat plaintiffs' claim is without merit because RMF has fee title rather than an easement in the disputed property. While generally an easement created by grant, either express or implied, can be extinguished by adverse possession (*see, Spiegel v Ferraro*, 73 NY2d 622, 625; *Gerbig v Zumpano*, 7 NY2d 327, 330), the paper street rule creates an exception providing that, where an easement in a street or road is created by reference to a filed map, it "can be extinguished only by the united action of all lot owners for whose benefit the easement was created" (*O'Hara v Wallace*, 83 Misc 2d 383, 387, *mod on other grounds* 52 AD2d 622; *see, Coccio v Parisi*, 151 AD2d 817, 818; *Fischer v Liebman*, 137 AD2d 485, 487). Indeed, such grantees are otherwise entitled to have the street or road left open forever (*see, Landon v City of Binghamton*, 79 AD2d 810, 811). However, the paper street rule is a limitation on the extinguishment of easements by adverse possession (*see, O'Hara v Wallace, supra*, at 387) which does not defeat plaintiffs' adverse possession claim because RMF's fee interest in an undedicated private roadway is not entitled to the same protection as easements under the paper street rule. That is, the rationale underlying the creation of the paper street rule—which is a limitation on the general principles and presumptions of adverse possession—does not apply where the party encroached upon owns a fee title (in common with the other defendants) to the encroached property. Unlike the easement holders encroached upon in *O'Hara v Wallace* (*supra*), RMF's (and its predecessors') failure to assert legal title despite plaintiffs' un-

equivocal acts of hostility through the statutory period is deemed acquiescence by RMF in plaintiffs' adverse possession (*cf., O'Hara v Wallace, supra*, at 387). While nonuse and failure to act by a paper street easement holder so encroached upon does not extinguish an easement, a fee owner faced with such an open, hostile and adverse exercise of ownership to his property must assert his rights or will be presumed to have acquiesced to the encroachment under settled principles of adverse possession (*see, id.; De Rosa v Spaziani*, 142 NYS2d 839, 843; *see also, Baker v Oakwood*, 123 NY 16, 28-29).

Further, RMF's assertion that—in addition to fee title—it also has an easement in the roadway based upon the filed map is unpersuasive. While a conveyance which refers to a subdivision map showing an abutting street gives rise to a presumption that an implied easement in that unencumbered right to use the street will also pass with the grant (*see, Coccio v Parisi*, 151 AD2d 817, 818, *supra*), the determinative factor in whether an easement by implication is created is "the intention of the parties at the time of the conveyance" (*id.*, at 818; *see, Matter of City of New York [Northern Blvd.]*, 258 NY 136, 147; *B.J. 96 Corp. v Mester*, 222 AD2d 798, 799). Importantly, the paper street rule creates a property interest "in the nature of a private easement of ingress and egress inuring to the benefit of the lot owners" (*Goulding v Tonawanda*, 282 App Div 321, 323). However, the language in the conveyance to RMF reflects an intent to convey an interest *superior* to an easement, i.e., a fee ownership (*see, Race v Meyer*, 219 AD2d 67, 69), and, as a result, RMF does not benefit from the paper street rule. In our view, Supreme Court correctly concluded that, despite plaintiffs' adversely acquired encroachment, RMF still has access to Parcel "O" over that portion of the 120-foot diameter mapped cul-de-sac on which plaintiffs have not encroached. Therefore, RMF's assertion of an easement by necessity on and across the disputed area is also unavailing.

Although Supreme Court properly concluded that plaintiffs acquired title by adverse possession to the area of their encroachment, Supreme Court's description of the precise area adversely possessed is inadequate. In furtherance of the marketability of the title to the parcels in question, a more clear description of the parameters of the land acquired by plaintiffs by adverse possession is imperative. Accordingly, this matter will be remitted to Supreme Court for a determination, upon such further proof as is necessary, of the exact description of the area awarded to plaintiffs, giving due regard to its conclusion that RMF has ample space within the southerly unencroached portion of the cul-de-sac to enter and exit its lot.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, to the extent that the description of the property to which plaintiffs established title by adverse possession is deleted therefrom; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.