■ ANN M. LAMM, Formerly Known as ANN M. STEVENSON, Appellant, v JAMES B. STEVENSON, Respondent. [716 NYS2d 576] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 21, 2000, which denied her motion for leave to enter a judgment against the defendant upon his default in appearing, and, *sua sponte*, dismissed the complaint.

Ordered that on the Court's own motion, that portion of the notice of appeal as purports to appeal as of right from the provision of the order which, *sua sponte*, dismissed the complaint is treated as an application for leave to appeal from that provision of the order, and leave to appeal is granted (*see,* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the complaint is reinstated, the motion is granted, and the matter is remitted for the entry of a judgment in favor of the plaintiff and against the defendant upon his default in appearing.

" '[A] default admits all factual allegations of the complaint and all reasonable inferences therefrom' " (*Fleet Bank v Powerhouse Trading Corp.,* 267 AD2d 276, 277; *see, Silberstein v Presbyterian Hosp.,* 96 AD2d 1096; *see also, Kessler v Atlantic Ave. CVS,* 271 AD2d 655; *Rosenberg v Litas Investing Co.,* 212 AD2d 686). By defaulting, the defendant has, in effect, admitted that he has been ousted from his status as a tenant-in-common in the property in question, and that the plaintiff has fulfilled the other requisites needed, under the circumstances of this case, for her adverse possession of the subject property to ripen into sole ownership (*see generally, Myers v Bartholomew,* 91 NY2d 630; *Guardino v Colangelo,* 262 AD2d 777; *Gonzalez v Gonzalez,* 236 AD2d 589; *Perez v Perez,* 228 AD2d 161; *Perkins v Volpe,* 146 AD2d 617). The plaintiff established that the summons and complaint were properly served and that the defendant failed to answer. The plaintiff is therefore entitled to the entry of a judgment in her favor. Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.