■ RUSSO REALTY CORP., Respondent, v ELISE ORLANDO, Appellant, et al., Defendants. [819 NYS2d 265]—

In an action for the partition and sale of real property, the defendant Elise Orlando appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 2, 2005, as (1) granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's third affirmative defense and first counterclaim, and (2) denied those branches of her cross motion which were for summary judgment on her third affirmative defense to dismiss the complaint based on adverse possession and on her first counterclaim, which sought title to the disputed property by adverse possession.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Elise Orlando (hereinafter the defendant) and her then-husband, Anthony Orlando, acquired title to the premises at issue as tenants by the entirety. In 1977 the plaintiff, Russo Realty Corporation (hereinafter Russo), acquired Anthony Orlando's interest in the subject premises by a sheriff's deed and, as a result, Russo became a tenant in common with the defendant, subject to her right of survivorship. The defendant and Anthony Orlando were divorced in 1982 and the defendant retained possession of the premises. The defendant paid the mortgage and taxes and maintenance expenses without contribution from Russo, and Russo never attempted to enter into possession of the premises. On numerous occasions, the defendant acknowledged Russo's status as a cotenant.

In 1996 Russo commenced this action for partition and sale of the subject premises. The defendant, inter alia, interposed a counterclaim asserting a claim to the premises by adverse possession.

Where parties hold property as tenants in common, Real Property Actions and Proceedings Law § 541 creates a statutory presumption that a tenant in common in possession holds the property for the benefit of the cotenant. "The presumption ceases only after the expiration of 10 years exclusive occupancy of such tenant or upon ouster" (*Pravato v M.E.F. Bldrs.*, 217 AD2d 654, 655 [1995]; *see Kolb v Anisis*, 104 AD2d 399 [1984]). In that regard, exclusive possession by a cotenant, alone, is not the equivalent of an ouster, nor, for that matter, does it conclusively establish adverse possession (*see Gonzalez v Gonzalez*, 236 AD2d 589, 590 [1997]; *Perez v Perez*, 228 AD2d 161, 162 [1996]). Adverse possession requires obvious and overt acts by

the person holding possession that are openly hostile to the nonpossessory owner's rights (*see Gonzalez v Gonzalez, supra*). Paying mortgage and taxes or maintenance expenses, and providing for upkeep of the property, do not constitute acts sufficient to establish a claim of right for purposes of adverse possession as against a cotenant (*see Perez v Perez, supra*).

Russo established that the defendant did not meet the requirements to obtain sole title to the subject premises by adverse possession. Specifically, Russo established that the defendant did not clearly assert a right hostile to Russo, as she repeatedly acknowledged Russo's status as her cotenant (*see MAG Assoc. v SDR Realty*, 247 AD2d 516, 517 [1998]; *Soukup v Nardone*, 212 AD2d 772 [1995]). In response, the defendant failed to produce evidentiary proof sufficient to raise a triable issue of fact as to whether there was an ouster of Russo or whether her possession of the premises was hostile to Russo (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the order of the Supreme Court is affirmed insofar as appealed from. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.