■ LOVELESS FAMILY TRUST et al., Respondents-Appellants, et al., Plaintiff, v PAUL KOENIG, Appellant-Respondent. [909 NYS2d 254]—

Appeal and cross appeal from an order of the Supreme Court, Wayne County (Maurice E. Strobridge, J.H.O.), entered July 20, 2009. The order, among other things, granted plaintiffs' motion to dismiss certain affirmative defenses.

It is hereby ordered that said appeal is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, an order compelling an accounting and partitioning of a

243.75-acre farm located on State Route 414 in the Town of Rose. The property, which includes a dwelling and various outbuildings, was owned by defendant and his sister, Pauline E. Loveless, as tenants in common with no right of survivorship. Through a series of conveyances, the one-half interest of defendant's sister in the property was transferred to plaintiff Loveless Family Trust (Trust), of which plaintiffs Neil Loveless and Paula Manning are the sole trustees. Plaintiffs alleged, inter alia, that defendant excluded them from the property; failed to collect fair market rent from defendant's daughter, who resided on the property; and refused to allow them to inspect the farm's books and records. In his answer, defendant asserted five affirmative defenses and a counterclaim, seeking reimbursement for carrying charges, taxes, repairs, maintenance and renovation expenses related to the property. Plaintiffs moved to dismiss the affirmative defenses and counterclaim "and/or" for summary judgment dismissing them and they sought "an order of partition" pursuant to RPAPL 901 and 1201. By way of an affirmation treated by Supreme Court as a "motion," defendant cross-moved for a summary finding of title by adverse possession and for dismissal of the complaint. The court granted those parts of plaintiffs' motion seeking dismissal of the first, second, third and fifth affirmative defenses, and denied defendant's cross motion. Although the court did not address those parts of plaintiffs' motion seeking dismissal of the counterclaim and an order of partition, the failure to rule is deemed a denial (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863 [1993]). Defendant appeals and plaintiff cross-appeals from the order. The notice of cross appeal recites that plaintiffs are cross-appealing "only" from that part of the order that did not dismiss the counterclaim. We dismiss the cross appeal, however, inasmuch as plaintiffs in their brief have not addressed the failure to dismiss the counterclaim (*see generally Sawyer v Town of Lewis*, 11 AD3d 938, 940 [2004]).

With respect to defendant's appeal, we conclude that the court properly denied defendant's cross motion. "In a tenancy-in-common, each cotenant has an equal right to possess and enjoy all or any portion of the property as if the sole owner. Consequently, nonpossessory cotenants do not relinquish any of their rights as tenants-in-common when another cotenant assumes exclusive possession of the property" (*Myers v Bartholomew*, 91 NY2d 630, 632-633 [1998]). As the Court further wrote in *Myers*, "a tenant-in-common seeking to assert a successful claim of adverse possession is required to show more than mere possession; the cotenant must also commit acts constituting ouster" (*id.* at 633; *see Trevisano v Giordano*, 202 AD2d 1071 [1994],

*appeal dismissed* 84 NY2d 848 [1994]; *Perkins v Volpe*, 146 AD2d 617 [1989], *lv dismissed* 74 NY2d 791 [1989]). In the absence of ouster, "a cotenant may begin to hold adversely only *after* 10 years of exclusive possession" (*Myers*, 91 NY2d at 634-635; *see* RPAPL former 541).

The contention of defendant that he exclusively possessed the property and paid all of the expenses related to the property for a period in excess of 20 years is of no moment, inasmuch as exclusive possession and the payment of maintenance expenses by a cotenant are insufficient to establish a claim of right for purposes of adverse possession as against a cotenant (*see Perez v Perez*, 228 AD2d 161, 162 [1996], *lv dismissed* 89 NY2d 917 [1996]; *see also Russo Realty Corp. v Orlando*, 30 AD3d 499, 500-501 [2006]). Moreover, defendant acknowledged that he discussed every repair to the property with his sister's husband before undertaking such repairs. There is likewise no merit to the contention of defendant that he ousted plaintiffs after the creation of the Trust in 1994. Defendant's daughter acknowledged that rent was paid both to defendant and the Trust, and the record reflects that the Trust received rental income tax forms concerning the property in 1999 and from 2001 through 2004. Moreover, defendant testified at his deposition that he refused to discuss matters related to the property with the trustees, his niece and nephew, because he was "too busy," not because he was attempting to oust them. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.