*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                   518926
_____

LOUIS LINDINE,

                    Plaintiff,

        and

MARTHA LINDINE,

                    Appellant,          MEMORANDUM AND ORDER

        v

SUZANNE IASENZA,

                    Respondent.
_____


Calendar Date:   June 4, 2015

Before:   Garry, J.P., Rose, Devine and Clark, JJ.

                    _____


        Lawler Mahon & Rooney, LLP, New York City (Christopher S.
Rooney of counsel), for appellant.

        David E. Woodin, LLC, Catskill (David E. Woodin of
counsel), for respondent.

                    _____


Devine, J.

        Appeals (1) from an order of the Supreme Court (Elliott
III, J.), entered September 26, 2013 in Greene County, which
granted defendant's motion to dismiss the complaint, and (2) from
an order of said court, entered March 7, 2014 in Greene County,
which denied a motion by plaintiff Martha Lindine for, among
other things, leave to amend the complaint.

        This action involves a dispute amongst family members over
real property located in the Town of Windham, Greene County.
Plaintiff Louis Lindine (hereinafter Lindine) was a first cousin

of defendant.  In 1968, Lindine's parents and defendant's parents purchased the property in question as tenants in common.  Lindine and his wife, plaintiff Martha Lindine (hereinafter plaintiff), began residing at the property in 1984.  Following the death of Lindine's father in December 1991, Lindine's mother deeded her interest in the property to Lindine and plaintiff.  Several years later, defendant's parents deeded to her their interest in the property.  Lindine and plaintiff commenced this action in early 2012, seeking a judgment declaring them to be the exclusive owners of the property.  Supreme Court granted defendant's motion to dismiss the complaint for failure to state a cause of action, and thereafter denied plaintiff's motion seeking leaves to reargue and to amend the complaint.  Plaintiff appeals from both orders.[1]

Plaintiff first argues that, because the complaint, when read in conjunction with the submissions offered in opposition to defendant's motion to dismiss, set forth a viable cause of action, Supreme Court erred in ordering dismissal pursuant to CPLR 3211 (a) (7).  We disagree.  A motion to dismiss for failure to state a cause of action may be granted if "the facts alleged do not 'fit within any cognizable legal theory'" (Hyman v Burgess, 125 AD3d 1213, 1214 [2015], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]).  The law that would have provided Lindine and plaintiff a valid legal claim with regard to the underlying property dispute is RPAPL 541, which provides that, "[w]here the relation of tenants in common has existed, the occupancy of one tenant . . . is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises . . . has claimed to hold adversely to the other.  But this presumption

_____

[1]  Lindine died in June 2013, while the motion to dismiss was pending.  While "it is [ordinarily] true that when a plaintiff dies all proceedings as a matter of law are stayed until an order of substitution is made" (Bova v Vinciguerra, 139 AD2d 797, 799 [1988]; see CPLR 1015, 1021), such was not required here because plaintiff, already a party in this action, acquired Lindine's interests in the property upon his death (see Thibodeau v Martin, 119 AD3d 1015, 1015 n 1 [2014]; Bova v Vinciguerra, 139 AD2d at 799).

shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, . . . or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his [or her] cotenant." It is well settled that, "absent ouster, the period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may be said to acquire full title by adverse possession" (Myers v Bartholomew, 91 NY2d 630, 638 [1998]).

We reject plaintiff's contention that she and Lindine ever ousted defendant or defendant's parents from the property. An ouster will not be deemed to have occurred unless the possessory cotenant, either through words or actions, unequivocally expresses to the nonpossessory cotenant that the property is being adversely possessed (see id. at 633; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 749 [2010]; Guardino v Colangelo, 262 AD2d 777, 779 [1999]). Lindine stated under oath that he was present for a late 1991 conversation during which defendant's mother agreed to transfer her interest in the property to plaintiff and Lindine. When Lindine broached this topic with defendant's mother several weeks later, however, she purportedly stated that he would "never have enough money to buy [her] out" and that she would refuse to pay any future carrying costs on the property in light of plaintiff and Lindine's permanent occupancy of it. According to Lindine, he responded by stressing to defendant's mother that he and plaintiff regarded the property as their home and that they would remain there indefinitely. Even accepting as true all of these averments, and according plaintiff every favorable inference that might be drawn therefrom (see e.g. Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 748), they prove little more than exclusive use of the property by Lindine and plaintiff that did not rise to the level of an ouster (see Russo Realty Corp. v Orlando, 30 AD3d 499, 500-501 [2006]; Perez v Perez, 228 AD2d 161, 162-163 [1996], lv dismissed 89 NY2d 917 [1996]).

Plaintiff alternatively contends that, even if no ouster has been established, she and Lindine adversely possessed the property, given their exclusive use of it for more than two decades (see RPAPL 541). In support of this argument, plaintiff emphasizes that she and Lindine paid all taxes and expenses for

the property, and made all necessary repairs to its structural improvements.  Defendant never visited the property during the years that plaintiff and Lindine lived there permanently and defendant's parents, it is claimed, only did so twice.  Even accepting these allegations as true, "exclusive possession and the payment of maintenance expenses by a [possessory] cotenant are[, standing alone,] insufficient to establish a claim of right for purposes of adverse possession as against a cotenant" (Loveless Family Trust v Koenig, 77 AD3d 1447, 1449 [2010]; see Russo Realty Corp. v Orlando, 30 AD3d at 500-501).  Moreover, to the extent that plaintiff and Lindine can be said to have exercised a 20-year-long level of financial protection of the property such as might reinforce a claim of adverse possession, Lindine's inclusion of defendant's name on a homeowner's insurance policy when, within several years of this action's commencement, he renewed that coverage, amounted to an implicit recognition of defendant's continued interest in the property (compare Galli v Galli, 117 AD3d 679, 680-681 [2014]).  Because neither the complaint nor the submissions of Lindine and plaintiff in opposition to defendant's motion to dismiss could permit a finding of adverse possession, Supreme Court properly concluded that the complaint failed to state a cause of action and dismissed it.

Turning to the motion for leave to reargue and for leave to amend the complaint, the denial of the former relief was not appealable (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]).  As for that part of Supreme Court's order denying leave to amend the complaint, we reject defendant's contention that it is not appealable.  Nevertheless, "[i]t is proper to deny . . . leave to amend the complaint to re-assert a cause of action that was previously dismissed" (Dialcom, LLC v AT & T Corp., 50 AD3d 727, 728 [2008]).  To the extent that the proposed amended complaint can be viewed as asserting any claim that is meaningfully distinct from that in the original complaint, Supreme Court properly exercised its discretion in finding the motion to be untimely and prejudicial to defendant (see Pagan v Quinn, 51 AD3d 1299, 1300-1301 [2008]).

Garry, J.P., Rose and Clark, JJ., concur.

ORDERED that the orders are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court