RX Warehouse Pharm., Inc. v 21st Century Ins. Co. (2021 NY Slip Op
50151(U))

[*1]

RX Warehouse Pharm., Inc. v 21st Century Ins. Co.

2021 NY Slip Op 50151(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-98 K C

RX Warehouse Pharmacy, Inc., as Assignee
of Alexis De Jesus, Respondent,
against
21st Century Insurance Company, Appellant.

Law Offices of Buratti, Rothenberg & Burns (Argyria A.N. Kehagias of counsel), for
appellant.
Law Office of Damin J. Toell, P.C. (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (John J.
Kelley, J.), entered September 12, 2016. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is reversed, with $30 costs, defendant's motion for summary
judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment
is denied.
Plaintiff, RX Warehouse Pharmacy, Inc. (RX Warehouse), commenced this action on
February 17, 2015 to recover assigned first-party no-fault benefits for services rendered to
plaintiff's assignor, who had allegedly been injured in a motor vehicle accident on December 17,
2009. Defendant 21st Century Insurance Company (21st Century) moved for summary judgment
dismissing the complaint on the ground that the issue of whether 21st Century was required to
provide no-fault coverage for the claim in dispute had been decided in a Supreme Court, Nassau
County, declaratory judgment action, by order entered August 23, 2012 granting 21st Century's
motion for the entry of a default judgment. RX Warehouse opposed the motion in the Civil Court
and cross-moved for summary judgment. 21st Century, in further support of its motion in the
Civil Court, proffered an order of the Supreme Court, entered May 6, 2015, which had granted
21st Century's motion for summary judgment, and a judgment entered February 4, 2016 pursuant
to the May 6, 2015 order, declaring, insofar as is relevant, that the insurance policy at issue was
null and void with respect to the December 17, 2009 collision, and that 21st Century has no duty
to defend or indemnify any person under the policy in any action or proceeding brought for
damages as a result of the December 17, 2009 collision. RX Warehouse's attorney argued in an
affirmation that the judgment is not applicable to this provider, and that, in any [*2]event, the judgment had not been served on this provider.
By order entered September 12, 2016, the Civil Court denied 21st Century's motion and
granted RX Warehouse's cross motion, finding that the Supreme Court's August 23, 2012 order is
not a conclusive final determination, as it did not make any declarations determining a lack of
coverage. The Civil Court further found that the Supreme Court's February 4, 2016 judgment had
not been served on RX Warehouse's counsel, and even if the Civil Court considered the
judgment, the "judgment does not declare any rights or obligations that pertain to the plaintiff or
plaintiff's claims in this action."
A defendant's default admits all the factual allegations of the complaint and all reasonable
inferences to be drawn therefrom (see Lamm v Stevenson, 276 AD2d 531 [2000]). Here,
by defaulting in the declaratory judgment action, RX Warehouse admitted all the facts alleged in
the complaint in that action regarding the staged nature of the accident in question. An order,
such as the August 23, 2012 order granting 21st Century's motion for the entry of a default
judgment in the declaratory judgment action, "provides such a 'judgment' as will bar relitigation
under the doctrines of res judicata or collateral estoppel so long as the requisites of identity of
issue and opportunity to contest are present" (Vavolizza v Krieger, 33 NY2d 351, 356
[1974]; see also Slater v American Min. Spirits Co., 33 NY2d 443 [1974]).
Consequently, in light of the August 23, 2012 order, 21st Century's motion in the Civil Court
for summary judgment dismissing the complaint should have been granted under the doctrine of
res judicata (see EBM Med. Health
Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2012]), as any judgment in favor of RX Warehouse in the present action would destroy
or impair rights or interests established by the order in the declaratory judgment action (see
Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]; Healing Art Acupuncture, P.C. v 21st
Century Ins. Co., 59 Misc 3d 139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2014]; Flushing Traditional Acupuncture, P.C. v Kemper Ins.
Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2014]).
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the
complaint is granted and plaintiff's cross motion for summary judgment is denied.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021