Golobe v Altchek (2023 NY Slip Op 00031)

Golobe v Altchek

2023 NY Slip Op 00031

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 655854/20 Appeal No. 17020 Case No. 2022-01026 

[*1]John Golobe, Plaintiff-Respondent,
v
Ira Altchek, as Trustee of the Emil Krause Revocable Trust, Defendant-Appellant.

Duane Morris LLP, New York (Leslie D. Corwin of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City (John M. Brickman of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 28, 2022, which granted plaintiff's motion for summary judgment for a declaration that plaintiff is the sole and exclusive owner of the premises in fee simple absolute and that defendant has no proper or valid claim thereto and dismissed defendant's counterclaims, unanimously affirmed, without costs.
The motion court properly determined that plaintiff established by clear and convincing evidence that he actually, exclusively possessed the property under a claim of right, openly and notoriously, for a continuous period since 1992, entitling him to a declaration that he is the sole and exclusive owner of the premises and dismissal of defendant's counterclaims (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]). Where tenants in common are concerned, "the period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession" (Myers v Bartholomew, 91 NY2d 630, 632 [1998]). Even absent an ouster of the cotenant, the occupying cotenant still must demonstrate open and overt acts "which unmistakably repudiate a non-possessory owner's right by one possessing the property" (Trevisano v Giordano, 202 AD2d 1071, 1071 [4th Dept 1994]).
Here, plaintiff's acts of exclusive ownership fulfill that criterion. Plaintiff's claim of right arising from the administrator's deed, which was recorded in the New York City Register's Office on or about November 19, 1992, vested 20 years later, in 2012 (Myers v Bartholomew, 91 NY2d at 632). Under that claim of right, plaintiff constructed an open and notorious wood deck and other observable improvements on the property, encumbered the property with a construction loan which he later satisfied, leased portions of the mixed-use building to third parties solely in plaintiff's name, and there was no acknowledgement, by plaintiff or anyone else, of any other interest in the property for a period exceeding 20 years. This satisfies the hostility element, as "[a] rebuttable presumption of hostility arises from possession accompanied by the usual acts of ownership" (Estate of Becker v Murtagh, 19 NY3d at 81).
Although defendant urges that plaintiff's offer to settle their respective interests in the property in 2019 warranted denial of summary judgment, defendant's reliance on Blanchard v Blanchard (4 Misc 3d 1027[A], 2004 NY Slip Op 51079[U] [Sup Ct, Bronx County 2004]) is misplaced. There, the parties were divorced parents, and the defendant husband seeking title to the marital home by adverse possession had raised the children in the former marital residence "with plaintiff's acquiescence" (2004 NY Slip Op 51079 [U],*1). Thus, the court reasonably determined that the husband's offer to purchase the wife's share suggested that he may not have intended his occupancy to be hostile to her cotenancy (2004 NY Slip Op 51079 [U],*4). Here, by contrast, defendant submitted no evidence [*2]that plaintiff was even aware that defendant had an interest in the property as a tenant-in-common until 2018, when it was discovered that his uncle had not predeceased the aunt from whom he inherited the property, and the settlement overtures consistently asserted that plaintiff had always acted as the property's sole owner for the statutory period.
Finally, defendant's assertion that the counterclaims should not have been dismissed is unavailing, even if they were timely asserted. With respect to the fraud counterclaim, the record shows that defendant failed to establish plaintiff's scienter as to any misstatement or defendant's own reliance on any misstatement made to the Surrogate's Court (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016] [reliance element of fraud claim fails where a "third party is alleged to have relied on the misrepresentations in a manner that caused injury to the plaintiff"]; Abrahami v UPC Constr. Co., 224 AD2d 231, 233 [1st Dept 1996] ["In order to show an intent to deceive, plaintiffs must establish that defendant knew, at the time they were made, that the representations were false"]). The breach of fiduciary duty counterclaim is insufficient because defendant failed to show an act of wrongdoing to support the claim (Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Specifically, defendant fails to cite any case indicating that an administrator's fiduciary duty requires him to conduct an extraordinary search to confirm the death of a potential distributee where none is ordered by the Surrogate's Court, which is the crux of his claim. Thus, the motion court properly dismissed the counterclaims.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023